## TEXAS EMPLOYERS' INS. ASS'N v. LEMONS et al.

### No. 2680.

Court of Civil Appeals of Texas. El Paso.
June 16, 1932.

Rehearing Denied July 7, 1932.

Further Rehearing Denied Sept. 15, 1932.

Shelby S. Cox, Wm. M. Cramer, and Lawther, Cox & Cramer, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

## WALTHALL, J.

This is a workmen's compensation case. The suit was brought by Texas Employers' Insurance Association in the Dallas county district court to set aside an award of the Industrial Accident Board of Texas, allowing statutory compensation to O. O. Lemons for the specific accidental injury of hernia.

Appellees, O. O. Lemons and White & Yarborough, attorneys for Lemons, and as such attorneys claiming an interest in the amount recovered by Lemons, answered with general demurrer, general denial, and specially, by cross-action, alleged that on November 1, 1928, Lemons, while employed by Olive & Myers Manufacturing Company in Dallas, and working within the scope of his employment, in lifting a crate of glass in loading a truck, sustained a hernia on his left side. The injury of hernia appeared suddenly and immediately following the injury and mani-

fested itself by pains·and by the protrusion usual to a hernia, and that the hernia did not exist in any degree prior to the injury for which compensation is claimed.

On the trial the parties agreed to substantially the following: Lemons gave due notice to appellant that he had sustained an injury; that Lemons duly filed a claim with the Industrial Accident Board for compensation; that appellant issued a policy of insurance under the Texas Workmen's Compensation Law and that such policy was in force at the time Lemons received his injury; that the compensation to be paid Lemons will be $11 a week; that the Industrial Accident Board rendered a final ruling and decision on Lemons' claim in this case on March 26, 1929; that appellant gave due notice of its unwillingness to abide by the final decision of the Industrial Accident Board, and duly filed its suit to set aside said award, ruling, and decision; that in the event Lemons recovers in this suit, or if paid in a lump sum, the amount of discount will be 6 per cent.; and that in the event of Lemons recovery he will be entitled to 6 per cent. interest.

The case was tried with a jury and submitted upon special issues. Upon the issues submitted and upon which findings were made the trial court, after making certain findings and entering certain orders which we need not here recite, but refer to the judgment for same, on motion of appellee for judgment, entered judgment in favor of Lemons on his cross-action in the total amount of compensation Lemons and his attorneys were entitled to recover at the date of the judgment, the sum of $4,120.26. The court overruled appellant's motions to set aside the jury's findings and for a new trial, to which appellant duly excepted, gave notice, and prosecutes this appeal.

This is a second appeal of this case. The first appeal is reported in 33 S.W.(2d) at page 251.

## Opinion.

The court submitted a number of issues to the jury, and upon which the jury found in substance that Lemons sustained accidental injuries on or about the 1st day of November, 1928, in the course of his employment with Olive & Myers Manufacturing Company; that at that time Lemons sustained an injury resulting in hernia which appeared suddenly and immediately following the injury; that hernia did not exist in any degree prior to that time, and that the hernia was accompanied with pain; that on that occasion Lemons sustained injuries other than hernia; that Lemons sustained total incapacity on that occasion; that his total incapacity naturally resulted from the injuries sustained on that occasion; that the total incapacity sustained will not be permanent; that pay-

ments of compensation in weekly installments instead of a lump sum will result in a manifest hardship and injustice; that Lemons' total incapacity will continue 401 weeks from November 1, 1928; that Lemons has suffered or will suffer partial incapacity at the end of his period of total incapacity; that Lemons' partial incapacity will be permanent; Lemons' partial incapacity during the period of his incapacity will be 100 per cent.; Lemons made demand on appellant to provide him an operation for his hernia, which appellant refused; Lemons is (at time of trial) in such physical condition as to render it more than ordinarily unsafe for him to submit to an operation for hernia. On special issues requested by appellant and submitted, the jury found: Lemons sustained an injury resulting in hernia on November 1, 1928; said hernia appeared suddenly and immediately after the injury; said hernia did not exist in any degree prior to said injury; Lemons sustained injuries other than and in addition to a hernia; Lemons sustained total disability, for a length of time, from injuries other than and in addition to a hernia, and the ordinary effects of a hernia, and which total disability from injuries other than hernia, extended to the time of the trial; Lemons suffered partial incapacity by reason of injuries other than and in addition to hernia, and the ordinary results of hernia, and which partial incapacity will continue 401 weeks from November 1, 1928.

Appellant submits a number of propositions all questioning the sufficiency of the evidence to raise the issue of disability from injuries other than hernia, and the sufficiency of the evidence to raise the issue as to whether Lemons is in such physical condition as to render it more than ordinarily unsafe for him to submit to an operation for hernia.

We think the evidence is sufficient to justify and require the submission of the issues to the jury of injuries other than hernia. Lemons testified in his own behalf and stated in detail the circumstances under which he received his injuries; lifting and ending up a crate of glass weighing some thousand pounds onto a truck, and that in doing so he received the injuries which witness Dr. John F. Ford, on a physical examination, found an injury, and stated it to be a very large inguinal hernia in the left groin, a rupture which the witness fully described. Witness Dr. Ford testified at too great length to copy all of his statement here. The examination by the doctor was the second day before he testified on the trial in May, 1931. He said: He first took a history of the case; gave Lemons a thorough physical examination; found tenderness over the left side of the lumbar region of the back; found a rigidity of the lumbar muscles on the left side; found a very fine tremor or quivering of the eyelids which indicates nervousness and nervousness

causes general ill health, generally causes failure of health; found he was suffering with a rapid heart beat, indicating nervousness, a permanent condition, and abnormality; nervousness usually causes insomnia and restlessness; it has an effect upon the physical structure of the body; an operation on Lemons for hernia at this time would be more than ordinarily unsafe, and witness would not recommend an operation; the muscles on the left side of the small of the back stand out more prominently than the corresponding muscles on the right side of the lumbar region, and on feeling those muscles with the finger tips a rigidity or stiffness and contraction of those muscles is found; he suffers a moderate type of pain in that locality of the muscles, unless he would strain himself, lift some heavy object; the pain spoken of has an effect upon the brain and the general nervous system.

Witness said, "I found other injuries other than a hernia," and refers to the rigidity of the left lumbar muscles and the nerves and tissues stated above. The doctor stated that the condition of Lemons as to disability would be total and permanent so far as manual labor is concerned, and that he will suffer pain in doing any kind of work. The evidence shows that Lemons was a truck driver, and his duties at times required lifting heavy articles. He was twenty-five years old at time of trial. There was nothing the matter with Lemons before he lifted the crate of glass. He felt the pain and at once examined himself to see what had happened to him, and testified to his condition as stated as to the lump in his side, his nervous condition, his headaches, etc.

The evidence sufficiently raises the issue of disability from injuries other than hernia, and whether Lemons' physical condition is such as to render it more than ordinarily unsafe to submit to an operation for hernia. True, other witnesses testified as to Lemons' bodily injuries received on the occasion in question; but in passing upon the question presented as to injuries other than and additional to hernia, we consider only the evidence which tends to properly justify the submission of such other and additional issues to the jury. At the request of appellant the court submitted the following special issues: "How many weeks, if any, do you find from the preponderance of the evidence were the defendant, O. O. Lemons, partial incapacity from injuries other than and in addition to hernia, and the ordinary effects of hernia will continue, if it will continue from November 1, 1928, or after the period of any total incapacity from such injuries, if you find any total incapacity?"

The jury found 401 weeks. The judgment was entered on the basis of 401 weeks for compensation allowed for what is termed a general injury. Standard Accident Ins. Co.

v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364; Ætna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S.W.(2d) 821, and this case on its former appeal.

■ The court in the charge stated to the jury that the case is submitted upon the following special issues, which the jury would answer from a preponderance of the evidence, and that "the burden of proof being upon the defendant," and in the charge referred to Lemons as the defendant. The issues were submitted on a preponderance of the evidence. There is no suggestion in the charge that the burden of the proof would be elsewhere than on Lemons. We think error is not shown in not specifically placing the burden of proof upon Lemons with each of the several issues submitted.

■ Error is submitted to the failure of the court to "give a legal definition of the term 'hernia.'" The argument is that under the Workmen's Compensation Act said term has a special significance requiring definition.

Section 12b, of article 8306, is as follows: "In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board: 1. That there was an injury resulting in hernia. 2. That the hernia appeared suddenly and immediately following the injury. 3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed. 4. That the injury was accompanied by pain." Then follow provisions for surgical treatment, etc., but no statutory definition of the term hernia is given. "Hernia" is an ordinary word of simple meaning, and needs no definition. It is not a legal term which in law has a distinct fixed meaning, and which an ordinary person would not readily understand, and which requires definition. The statute prescribes only that certain facts must be made to appear where hernia is the injury sustained. The court submitted the facts necessary to be found in order to sustain the finding for hernia. The jury found all such facts in favor of appellee. In the absence of a statutory definition of the term "hernia," the ordinary meaning is applied. The court in the charge defined "injury" or "personal injury" as in paragraph 5 of section 1 of article 8309, of the statute.

■ Misconduct of the jury is submitted as error requiring reversal of the case. We have carefully reviewed the evidence found in the record, and without discussing or quoting the evidence have concluded that the proposition is not sustained. It seems that the most that could be said is that some one or two of the jurors mentioned the fact in the jury room that he (the juror) had been ruptured or had had an operation for a rupture.

The only real question involved in this second appeal is the issue of fact as to injuries sustained in addition to hernia. The jury found in favor of appellee, and we have concluded from the evidence that the finding is supported by the evidence. The physician who gave Lemons a thorough physical examination immediately before the trial so stated, and we think his diagnosis of the case is supported by the evidence of Lemons.

Finding no reversible error, the case is affirmed.

### On Rehearing.

Appellant filed this suit in the district court of Dallas county to set aside an award of the Industrial Accident Board in favor of appellees.

In its petition it alleged: "That heretofore to-wit, on the 26th day of March A. D. 1929, the Industrial Accident Board of the State of Texas, made and entered its final ruling and decision in the matter of O. O. Lemons, employee, v. Olive & Myers Mfg. Company, employer, and the Texas Employers Insurance Association, insurer, and the amount of defendant's claim as filed with the said Industrial Accident Board is in excess of $500.00 and sufficient to give this court jurisdiction."

The agreed statement of facts does not contain the award of the Industrial Accident Board, but does contain this stipulation: "It was further admitted by and between the plaintiff and the defendant that the Industrial Accident Board rendered a final ruling and decision in this case of O. O. Lemons on the 26th day of March 1929."

In a supplemental motion for rehearing appellant moves to set aside our judgment of affirmance, grant a rehearing, and to reverse the judgment of the court below and to dismiss this entire proceeding for the reason that the district court had no jurisdiction of the cause of action involved herein, and therefore this court has none, because no final award was ever made by the Industrial Accident Board of Texas, which could be the basis of an appeal to the district court of Dallas county, Tex., or upon which a suit to set aside such award could be based.

In support of the motion appellant attaches a certified copy of the award of the board dated March 26, 1929, of like effect as that in Tally v. Texas, etc. (Tex. Com. App.) 48 S.W.(2d) 988.

■ It is well settled that an appellate court cannot consider evidence dehors the record for the purpose of impeaching the jurisdiction of the trial court. See opinion on rehearing in City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; 3 Tex. Jur. § 304, and cases there cited.

■ For this court to consider the certified copy of the award of the Industrial Accident

Board as an impeachment of the jurisdiction of the district court would offend against the rule indicated. Especially is this true in view of the fact that it is an attempt by appellant to contradict its own allegations and the stipulation noted above. For these reasons the case of Tally v. Texas, etc., supra, cited by appellant, has no application.

The matters contained in the original motion for rehearing have been sufficiently discussed in the main opinion.

The original and supplemental motions for rehearing are both overruled.