## TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. O. O. LEMONS.

No. 6386. Decided June 5, 1935.
(83 S. W., 2d Series, 658.)

*Lawther, Cox & Cramer,* of Dallas, for plaintiff in error.

*White & Yarbrough,* of Dallas, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the court.

This suit was filed in the District Court of Dallas County, Texas, by Texas Employers' Insurance Association against O. O. Lemons, to set aside an award of the Industrial Accident Board allowing statutory compensation to O. O. Lemons for specific accidental injury of hernia. Lemons and his attorneys answered by cross action. Such answer in substance alleged that on November 1, 1928, Lemons, while employed by the Oliver & Myers Manufacturing Company of Dallas, Texas, and working within the scope of his employment, in lifting a crate of glass, sustained injuries resulting in a hernia,—and also sustained certain other injuries. Texas Employers' Insurance Association was a compensation insurance carrier for the employer.

We shall hereafter refer to O. O. Lemons as Lemons, and to Texas Employers' Insurance Association as the Association.

The case was submitted to a jury on numerous special issues in the District Court, and, based on the jury's answers to such issues, judgment was rendered for Lemons for $4120.26. The judgment also protected Lemons' attorneys for their fees. On appeal by the Association, this judgment was affirmed by the Court of Civil Appeals. 52 S. W. (2d) 767. The Association brings error.

Preliminary to the questions or issues submitted to the jury by the trial court, the court gave the jury the following instruction:

"This case is submitted to you upon the following special issues, which you will please answer from a preponderance of the evidence, that is, the greater weight and degree of credible testimony before you, without regard to the effect your answers may have upon the judgment in the case, the burden of proof being upon the defendant."

The trial court gave the jury no other instruction than the above as to the burden of proof.

After giving the above instruction, and certain other instructions not germane here, the trial court submitted a number

of issues or questions to the jury. Such questions were all answered in favor of Lemons. For the purposes of this opinion, Question No. 1 is typical of all the others. Such question reads as follows:

"Do you find from the evidence that the defendant O. O. Lemons sustained accidental injuries on or about the 1st day of November, 1928?

"Answer this question 'Yes' or 'No'."

The Association in various ways and in due time and form objected to the court's charge and the various issues or questions therein contained, on the ground, in substance, that such charge and the issues or questions therein failed to indicate to the jury on whom rested the burden of proof. The Association also presented to the trial court a special charge instructing the jury as to the burden of proof on the various questions. We are of the opinion that the charge was erroneous in the particular indicated. Section 5 of Article 8307, R. C. S., 1925; Psimenos v. Huntley (Civ. App.), 47 S. W. (2d) 622.

Section 5 of Article 8307, supra, in express language places the burden of proof in compensation cases on the party claiming compensation. We quote the following from that statute:

"If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

The right of a litigant to have the jury properly instructed on the burden of proof is a valuable one. Psimenos v. Huntley, supra, and authorities there cited. In fact, this proposition of law is too well settled to require the citation of authorities. It must follow that unless it can be said that this charge properly indicated to the jury on whom rested the burden of proof, it was erroneous, and a reversal must result.

A reading of the above question clearly discloses that it is so worded and constructed as to fail utterly to indicate within itself any burden of proof whatever. It simply asks the jury, "do you find from the evidence * * *?" It in no manner tells the jury that a "yes" answer requires such preponderance.

When the question is considered in the light of the above quoted preliminary instruction on burden of proof, the error becomes the more evident. In such preliminary instruction the jury were told in substance to answer all questions "from a

preponderance of the evidence." To our mind such instruction could mean nothing more and nothing less than that all answers must be supported by a preponderance of the evidence. Certainly a jury of laymen would be liable to so understand it. Under such instruction the jury might well understand that in order to answer such question "yes," they would have to find the preponderance of the evidence that way. On the other hand, the jury might just as well understand that in order to answer such question "no," they would have to find the preponderance of the evidence that way. It goes without saying that a charge so constructed was and is erroneous, because the Association was entitled to have the jury clearly understand that unless the preponderance of the evidence supported a "yes" answer, the question should be answered "no."

In connection with the above we would call attention to the fact that this Court has repeatedly indicated that the preferable way to dispose of the question of burden of proof on special issues to to construct each issue or question so as to indicate its own burden of proof. Federal Surety Co. v. Smith (Com. App.), 41 S. W. (2d) 210; Houtchens v. State (Com. App.), 63 S. W. (2d) 1011; City of Waco v. Diamond (Com. App.), 65 S. W. (2d) 272.

At this point we expressly refer to and adopt and approve the discussion and ruling on the question under consideration contained in Judge Gallagher's opinion in Psimenos v. Huntley, supra. To our mind the reasoning in that opinion is unanswerable.

The Association contends in this Court that the District Court had no jurisdiction because the award of the Accident Board was not final. So far as we have been able to ascertain, this question was never presented to the trial court or Court of Civil Appeals. It was not even presented in the motion for rehearing in the latter court. We, therefore, make no decision relative to it. 3 Texas Jur., p. 1021, § 724, and authorities there cited. In view of the fact, however, that this case must be reversed, we take the liberty to call attention to the decision in the case of Tally v. Texas Employers' Ins. Assn. (Com. App.), 48 S. W. (2d) 988.

For the error discussed, the judgments of the Court of Civil Appeals and District Court are both reversed, and the cause remanded to the District Court.

Opinion delivered June 5, 1935.