**S. BLICKMAN, Inc., v. CHILTON.**

No. 8597.

Court of Civil Appeals of Texas. Austin.

March 9, 1938.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Harold M. Oster, of Galveston, for appellee.

BAUGH, Justice.

Appellee sued appellant for damages for personal injuries received by him when the back of a stool chair at the lunch counter of the Stephen F. Austin Hotel, in Austin, Tex., broke and caused him to fall to the floor on January 22, 1935. The cause of action was predicated upon the negligence of the appellant, defendant below, in installing a structurally defective stool chair. Appellant was the contractor who was remodeling these quarters of the hotel at the time. While the hotel was permitting the public to use the chairs being installed, the remodeling work had not been completed, and the hotel had not yet accepted the work under the contract. Trial was to a jury upon special issues, and, based upon their findings thereon, judgment rendered in favor of appellee for $1,470, from which this appeal is prosecuted. Further facts will be stated where pertinent to the issues presented.

In addition to general and special exceptions, a general denial, and plea of settlement not pertinent to this appeal, the appellant defended on the ground that it did not manufacture the stool chairs involved, but that same were the seats called for in

the plans and specifications on which bids were made and the contract entered into by the hotel company with appellant; and that the injuries received were attributable to the negligence of the hotel company.

There seems to be no controversy but that the stool chair which broke and caused appellee's injury was structurally defective, as to the extent of appellee's injuries, nor that such injuries resulted from the breaking of the back of the stool chair.

Appellant's first contention is that the chain of causation between the negligence, if any, of the original tort-feasor in installing a defective and dangerous chair, and the injury to the appellee, was broken by the independent and intervening act of the hotel company with knowledge of the dangers involved in inviting the public to use the defective seats, without notifying the appellant of the defect and of the resulting danger.

■ Numerous cases are cited and reviewed by appellant under this contention. No useful purpose would be served by citing and discussing them here. Much has been written on the relation of an independent contractor in construction work to third parties not privy to the contract. It is now settled that liability for injuries to such third persons must be predicated upon negligence, and not upon any contractual relation. And, when such contract is completed and the work or building accepted by the owner or lessee, the contractor is thereafter generally relieved of liability. 23 Tex.Jur. § 30, p. 578; 14 R.C.L. § 42, p. 107. A full annotation of numerous cases bearing on different phases of this question is found in 38 A.L.R. 403–554. But a different rule applies as to such contractor for negligence resulting in injuries prior to completion and acceptance of work done under the contract. In such case the general rule is that he is liable for his negligence. 23 Tex.Jur. § 29, p. 577; 14 R.C.L. § 41, p. 577; 38 A. L.R. 410 et seq.

■ The contention of appellant that there was an intervening cause constituting negligence which caused the injury to appellee is not sustainable under the record presented, for two reasons: First, because there was a jury finding, in answer to questions requested by appellant, that the manager of the hotel did not know of the defect in the chair; and, second, that his inviting the public to use them at the time was not negligence. There was sufficient

evidence to raise these issues, and the answers of the jury therefore are binding upon appellant.

■ The next contention made by appellant is that it was not shown that appellant knew of the defective condition of the chair stool, or that in the exercise of ordinary care it should have known of it; and that proof of such knowledge, actual or implied, was necessary to fix liability on appellant. Numerous authorities are cited in support of this rule, stated in 45 C.J. § 332, p. 893. The Texas cases cited in support of this contention, beginning with Graham v. F. W. Woolworth Co., Tex.Civ. App., 277 S.W. 223, the last cited case being Scheps v. La Rose, Tex.Civ.App., 88 S.W.2d 557, 559, relate to the duty of the owner of premises to keep them in a reasonably safe condition for the use of invitees. This rule is stated in 45 C.J. § 245, p. 837. An extensive citation of the authorities in support of it is found in the opinion of the Eastland Court of Civil Appeals in Great A. & P. Tea Co. v. Logan, 33 S.W.2d 470. But the issue here presented is that of the extent of the liability of a manufacturer or contractor furnishing under his contract equipment or articles of defective construction, with full knowledge of the purpose for which they are to be used, and knowing that they would be used by the public.

It was clearly shown that the stool seat in question was structurally defective, in that holes drilled through the bars supporting the back of the seat where same were joined to the seat proper so weakened it as to make it unsafe. The evidence was amply sufficient to sustain the finding that this was negligence, and that this type of stool seat was used at the instance of appellant's agent, and furnished by appellant in fulfilling its contract. The question of whether appellant knew, or should by the exercise of ordinary care have known, of such defect, was not submitted to the jury, nor did appellant request that it be submitted. On the other hand, plaintiff, appellee here, requested in writing that these exact issues be submitted to the jury and the request was refused by the trial court. Appellee in his brief states that such refusal was upon objection of appellant itself to such submission. If, therefore, it was error not to submit such issues, the error was invited by appellant, and it cannot here complain. 3 Tex.Jur. § 731, p. 1031.

■ Appellant pleaded that it was not the manufacturer of the stool seats in question. It undertook to show that these seats were manufactured by the Durobilt Seat & Stool Company. There was no contention made by it that these seats were manufactured by any one else. While the jury found that said seats were not manufactured by the Durobilt Seat & Stool Company, even if it be conceded that they were so manufactured, such fact was not shown to have been known to the hotel company at the time; and, when the hotel company was induced by appellant's agent to select this type of stool seat for use in its hotel and to enter into its contract with appellant, these articles were represented by appellant as being a "fabrication of their own factory." Whether, therefore, they were in fact manufactured by appellant or not, having furnished them as their own product and so represented them, appellant would be held to the same rule of liability as if it had manufactured them itself. Restatement of the Law of Torts, § 400, p. 1086.

■ The cases are legion, and not entirely harmonious, on the extent of the liability of a manufacturer to third parties with whom there is no privity of contract, for defective construction of its products. Such liability for its negligence was originally limited in large measure to products which were in themselves inherently dangerous, such as drugs, explosives, etc. This rule of liability, however, has been modified and extended in the light of changing conditions. As now generally recognized it is succinctly stated in the syllabus of Flies v. Fox Brothers Buick Co., 196 Wis. 196, 218 N.W. 855, 60 A.L.R. 357, as follows: "A manufacturer who places in trade and commerce a manufactured article not inherently, but, because of its condition, imminently, dangerous to life and limb, is liable to one who sustains injury by reason of such condition." See, also, annotations in 60 A.L.R. 371, 42 A.L.R. 1243, 13 A.L.R. 1176; MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440, opinion by Cardozo; 24 R.C.L. §§ 805-807, pp. 513-517.

■ Manifestly the article here involved was not one inherently dangerous. It was one in common use, and one which the manufacturer knew would be used by the public. It must, therefore, use that degree of vigilance to avoid injuries to such users commensurate with known facts, whether such reasonable care be referable to proper inspection of the articles it furnished for such use, or a duty to guard against defective construction. Under the facts here involved, the defect was one which would not be readily discernible by the user of such stool chair. The back of the stool chair where attached to the seat was supported by a cast-iron bar, chromium plated, about one-half inch square. This back was not welded to the seat proper, but was fastened thereto by boring a hole through this half-inch support about three-eighths of an inch in diameter and inserting therein a dowel pin, the end of which was plated over, thus leaving as a support for the back only the remaining thickness of the half-inch cast-iron bar, which at the point of juncture between the back and the seat of the stool left only about one-thirty-second of an inch of metal to support it. Knowledge of these facts was clearly attributable to appellant, and whether they constituted a defective construction of the article itself, rendering it imminently dangerous for uses for which it was intended and so constituting negligence, was clearly a jury issue.

■ Appellant's next contention relates to the manner and form of the submission of special issue No. 2. This issue merely inquired whether the "stool seat in question * * * was defective." Appellant contends that the issue was too general, and that, appellee having pleaded specific defects of construction in the stool chair, the issue should have been confined to these specifically alleged defects; that, as submitted, the jury was authorized to base its finding on defects of construction other than those pleaded. The rule is now well settled that, where specific facts are pleaded as constituting negligence, the special issues submitted should be confined to such facts, if there be evidence supporting them. And an issue submitted which enlarges the grounds of negligence pleaded is erroneous. Weidmer v. Stott, Tex.Civ.App., 48 S.W.2d 389, writ refused; S. H. Kress & Co. v. Jennings, Tex.Civ.App., 64 S.W.2d 1074; Wonderful Workers of the World v. Winn, Tex. Civ.App., 31 S.W.2d 879; Speers, Law of Special Issues, §§ 182, 183, p. 239; 41 Tex. Jur. § 273, p. 1100.

■ In the instant case only specific defects at a designated point were alleged

as constituting negligence. The stool chair itself was introduced in evidence without limitation to the defects alleged. Nor did the issue as submitted restrict the jury in answering in any manner to the particular defects pleaded. As submitted, the jury was authorized, after inspection of the stool chair, to predicate their answer upon any defect they may have found in said stool chair, whether that specifically alleged or not. Manifestly, as submitted, this constituted an enlargement of the fact questions beyond those specifically pleaded, and condemned as erroneous in the authorities above cited.

If this were the only error asserted, we would consider it harmless. All the evidence as to defective construction related to this identical defect, the break in the back of the chair was manifestly due to such defect, and in all probability the jury was in nowise misled by the question as asked, and consequently that appellant was injured by such submission in the manner complained of.

■ Appellant also complains of special issue No. 3 as submitted. This issue, predicated upon an affirmative answer to special issue No. 2, inquired whether from a preponderance of the evidence the jury found that "the defendant * * * was guilty of negligence * - * * in the installation of such stool seat"? The complaint is that as submitted the issue was too general; and further that there was no evidence of negligence so far as the work of installation was concerned. No issue was raised either by pleading or proof as to the method of physical installation of the seats involved. While the term "installation" was used in the question, in view of the pleadings and the evidence it was manifestly used in the sense of furnishing by the contractor of such defective equipment and placing in position for use by the public. It is doubtful if the jury could have been misled in this regard. And the term "such stool seat" must have referred to the one inquired about in the foregoing special issue. In view of what we have said above with reference to special issue No. 2, no difficulty need be encountered upon another trial in properly restricting this issue to the facts involved, and in removing the objections made.

■ Appellant also complains of the court's charge in submitting the issue of unavoidable accident. While appellee contends that there was no evidence to go to the jury on this issue, no objection was made by him to its submission. In view of another trial, we do not pass upon the sufficiency of the evidence to raise it. The issue as submitted was: "Do you find from a preponderance of the evidence that as between the plaintiff and S. Blickman, Inc., the defendant, that the happening in question was not the result of an unavoidable accident? Answer: 'It was the result of an unavoidable accident,' or 'It was not the result of an unavoidable accident.'"

This identical question was presented to the Court of Civil Appeals at Amarillo in McClelland v. Munger, 107 S.W.2d 901, writ dismissed, and the charge held to be erroneous. See, also, Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622; Texas Emp. Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658.

■ We are also of the opinion that the issues requested by appellant as to whether A. W. Fraser, who was the supervising architect of the hotel company in making these various improvements in the hotel, knew, prior to the date of the accident, of the defects alleged, should have been submitted to the jury. There was evidence that such a defective condition in these seats existed. If he did know that such defects existed, his knowledge thereof would be attributable to his employer, who had invited the public to use the stool seats, thus involving the question of whether the hotel company was guilty of negligence in the premises; and whether its negligence was a proximate cause of the injuries sustained. The appellant in its answer had so pleaded. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.

■ Appellant also complains of the admission of certain evidence tending to show that, subsequent to the injury complained of, the appellant had replaced the seats claimed to be defective with other stool seats. We do not deem it necessary to discuss in detail the contentions made. The general rule well settled is that repairs or changes made subsequent to an injury are not admissible to show prior negligence. Texas Co. v. Brown, Tex.Civ.App., 82 S.W.2d 1101, 1106; 45 C.J. § 791, p. 1232; 30 Tex.Jur. § 145, p. 822; 17 Tex. Jur. § 234, p. 565. While various exceptions to this rule have been recognized, it is unnecessary to enumerate them here. They are set forth with supporting au-

thorities in 17 Tex.Jur. pp. 567, 568. We do not think the appellee in the instant case brought the evidence complained of, within the recognized exceptions to the rule. Unless he does so, in the light of the authorities cited, such evidence should upon another trial be excluded.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.