GENERAL AMERICAN LIFE INS. CO. v.
GANT et al.

No. 8691.

Court of Civil Appeals of Texas. Austin.

July 13, 1938.

Rehearing Denied Sept. 21, 1938.

694

Tass D. Waterson, Smith, Goldsmith, Adams & Bagby, and Arthur P. Bagby, all of Austin, for appellant.

Lee & Betts, of Austin, for appellees.

BLAIR, Justice.

Appellees, Loleta Williams Gant and Effie Williams Vaughn, sued appellant, General American Life Insurance Company, to recover as beneficiaries on its group life insurance contract or policy issued to Lightsey's Drive-It-Yourself System, Inc., and covering, among other Lightsey Corporation employees, Charles E. Williams, the father of appellees. The sole defense of appellant was lapsation of the insurance prior to the date of the death of the insured, because of alleged failure to pay the premiums when due. A jury trial resulted in verdict and judgment for appellees for $1,000, the value of the policy, 6% interest, and 12% statutory penalty thereon, and $400 attorney's fees; hence this appeal.

The determination of the appeal turns upon the question of whether Lightsey Corporation, the employer, was the agent of appellant in making pay roll deductions or paying premiums due on the group policy after May 27, 1934. The trial court held that the employer was the agent of appellant, and we sustain that conclusion.

In January, 1931, the representatives of the Missouri Life Insurance Company, whose insurance contract appellant assumed, met with C. O. Lightsey, owner of most of the stock and sole manager of the Lightsey Corporation, a corporation engaged in renting automobiles for hire; and with all of the employees of said Lightsey Corporation, and after discussing same entered into the group insurance contract in suit. The group policy provided as follows: "The Company will issue to the employer for delivery to each employee whose life is insured under this policy, an individual certificate setting forth a statement as to the insurance protection to which he is entitled and to whom payable * * *."

In accordance with this provision, Charles E. Williams applied for and received Certificate No. 15, which contained the following statement:

"This is to certify that under and subject to the terms and conditions of a Group Policy of Insurance, No. G-3571,

issued and delivered to Lightsey's Drive-It-Yourself System, Inc., * * * by the Missouri State Life Insurance Co., * * the life of Charles E. Williams is insured for the sum of One Thousand Dollars payable, to his daughters Loleta Williams * * * and Effie Williams * * *.

"The insurance provided by the said policy for the Employee shall terminate at the expiration of the period for which premiums are last deducted by the Employer from the pay of the Employee, or remitted by the Employee to the Employer, unless the Employee shall elect to continue in accordance with the Conversion Privilege given on the second page of this certificate."

The group policy also provided as follows:

"Grace Period—Thirty-one days of grace will be allowed for the payment of every premium after the first, during which period the policy remains in force."

At the time of the meeting and execution of the group contract all parties understood and the employees instructed Lightsey Corporation, or its sole manager, C. O. Lightsey, to deduct from their wages or earnings each month the amount necessary to pay their respective premiums due on the group policy, and to transmit same to the appellant insurance company. It is admitted that this was done up to and including May 27, 1934, and the jury found that said Lightsey Corporation deducted from the weekly earnings of Charles E. Williams the premiums due on the group policy for the period from June 27, 1934, to September 28, 1934, which together with the 31 days of grace allowed for payment of premiums extended the insurance beyond the date of the death of the insured on October 26, 1934.

When the group policy is construed in the light of the certificate, which provides for deduction of premiums by the employer from the pay of the employee, and the fact that it was understood and the employees instructed the employer to deduct premiums from their earnings, which was done for more than three years and was the only way any premiums were paid, it was conclusively proved that the employer was the agent of appellant in making pay roll deductions or paying premiums on the group policy. The same or a similar group policy was construed in the case of Missouri State Life Ins. Co. v. Compton, Tex.Civ.App., 73 S.W.

2d 1079, wherein the court held that the employer was the agent of the insurer, and "that the payment by the employee of his monthly premium through a deduction from his monthly salary by his employer who by prearrangement is to retain the same and make payment of monthly premiums on the group policy, is payment to the insurer so far as such employee is concerned. All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393." [Page 1085.]

It is true that the Lightsey Corporation acted, somewhat as the intermediary of both its employees and appellant insurance company in undertaking and carrying out the group insurance contract; but it is manifest that in making pay roll deductions or paying premiums due on the group policy Lightsey Corporation, the employer, acted as the agent of appellant insurance company. This was the intention of the parties as determined from the insurance contract and the facts and circumstances attending its execution and enforcement. Such conclusion is also in accord with the meaning of our statute providing that "any person who * * * shall * * * receive, or collect, or transmit any premium of insurance * * * shall be held to be the agent of the company for which the act is done." Art. 5056, R.S.1925.

In some jurisdictions the employer has been held to act for himself and as agent of his employees in making deductions or paying premiums on group insurance contracts. In such group insurance cases the decisions rest upon the fact that the employer does perform or exercise some duties for both the employees and the insurer, and upon the rule that where an intermediary acts for both parties, he will be considered the principal, or, conversely, the agent, in accordance with the intention of the parties. But in Texas the inquiry is not controlled entirely by the intention of the parties, because our statute provides that any person who shall receive, collect or transmit any premium of insurance shall be held to be the agent of the insurer. And the rule in Texas seems to be that where by prearrangement, or where the employer is given apparent authority to receive or collect premiums by deducting same from the employee's pay or earnings, he is regarded as the agent of the insurer in the collection of the premiums; and that the

collection of the premiums in such manner is payment to the insurer in so far as the employee is concerned. Missouri State Life Ins. Co. v. Compton, supra. See, also, Manhattan Life Ins. Co. v. Fields, Tex.Civ.App., 26 S.W. 280.

Nor do we sustain the contention of appellant that as a matter of law the evidence failed to sustain the jury's finding that Lightsey Corporation deducted from the earnings of the insured the premiums due on the group policy for the period from June 27, 1934, to September 28, 1934. Four witnesses testified on this issue. Three of them testified in effect that C. O. Lightsey, sole manager of Lightsey Corporation, told them that there had been deducted from the earnings of Charles E. Williams the premiums due on the group policy up to and including September 28, 1934. Appellant objected to this evidence as being hearsay, and therefore contends that it did not establish the deduction or payment of the premiums for the period stated. Since we have concluded that Lightsey Corporation was the agent of appellant in the deduction or payment of premiums, the testimony was admissible under the rule that "statements, declarations or admissions of an agent or servant against the interest of the principal or master made in the course and scope of the agent's or servant's authority and employment, and in regard to an act or transaction pending at the time they were made, are admissible against the principal or master." 17 Tex.Jur. 552. The payment of premiums by the insured may be shown by an admission of an agent of the insurer. Union Life Ins. Co. v. Haman, 54 Neb. 599, 74 N.W. 1090.

Another witness gave conflicting evidence on the issue, but aside from this testimony the declarations or admissions of appellant's agent that he had deducted the premiums was entirely sufficient, standing alone, and other facts and circumstances corroborating his statement need not be detailed.

Nor do we sustain the contention of appellant that the court's definition of the term "preponderance of the evidence," placed a greater burden of proof on it than required by law. The court defined said term as "the greater weight of credible testimony by either side adduced"; and submitted a single special issue as follows: "Do you find from a preponderance of the evidence that the Lightsey Drive It Yourself System, Inc., deducted from the weekly earnings of Charles E. Williams the premiums due on the group insurance policy with the General American Life Insurance Co. for the period from June 27th, 1934, to September 28, 1934"?

The complaint of appellant seems to be that the court's instruction and special issue were tantamount to telling the jury that whichever way they answered the question, their answer must be by a preponderance of the evidence. But the charge and issue merely placed the burden upon the party having the affirmative of the issue to establish it by a "preponderance of the evidence" as that term was defined. Appellees had that burden, and no error is presented. The case of Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, cited by appellant, fully sustains our holding on the question.

Nor do we sustain the contention of appellant that the special issue submitted "assumes that premiums were due on the group policy for the period of June 27th, 1934, to September 28th, 1934, and amounts to a comment by the court on the weight of the evidence and the credibility of the witnesses." The word "due" clearly referred to the premiums provided for under the policy. The whole case on the facts was tried on the theory that Lightsey Company had deducted such premiums when due from the pay of the insured. There was no comment by the court on that issue, and the jury were left free to determine whether the premiums had been so deducted. The question submitted to the jury was not whether the policy was in force, but whether the premiums had been paid when due. The question of whether the policy was in force was one of law for the court to determine after the jury had found that the premiums had been deducted.

The judgment of the trial court is affirmed.

Affirmed.