## MAROSIS v. NIRA et ux.

### No. 10343.

Court of Civil Appeals of Texas. San Antonio.

Nov. 16, 1938.

Rehearing Denied Feb. 15, 1939.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellees.

SMITH, Chief Justice.

This is an action for damages for personal injuries, involving a very deplorable accident resulting in most distressing injuries to Mrs. Rufina Nira, wife of Carpio Nira, who recovered judgment against Nick Marosis upon allegations and jury findings that his automobile, driven by Nick Rosate and in which Marosis was also riding, was so negligently operated that it ran over and injured Mrs. Nira, while she was walking by the side of the paved highway between the towns of Natalia and Devine, in Medina County. Marosis has appealed.

As stated in appellant's brief, "The case was tried to a jury and in response to special issues submitted the jury found that appellant's driver was negligent in failing to keep his automobile under control; in failing to stop his automobile immediately prior to the accident; that each of said acts of negligence were proximate causes of the accident; that the injuries were not the result of an unavoidable accident; that plaintiff Mrs. Nira was not guilty of contributory negligence, and fixed the damages at $600 for physician services, hospital bills, etc., and the personal injuries at $6,500."

The case was submitted upon twenty-three special issues of fact. The trial judge placed the burden of proof in each of the first twenty-one issues, by the now familiar and uniform device of requiring the jury to find upon each "from a preponderance of the evidence." The twenty-second issue inquired "what amount do you find from a preponderance of the evidence" to be the reasonable value of doctors' and hospital bills incurred by the plaintiff, thereby, as in the preceding twenty-one issues, properly placing the burden of proof upon plaintiff. Thereupon the trial judge submitted the twenty-third, and last, issue, of the amount of damages plain-

tiff sustained by reason of his injuries, in the form:

"What amount of damages, if any, would, if paid now, reasonably compensate plaintiffs for such injuries, if any, as you may find from the evidence to have been sustained by Mrs. Rufina Nira, as a proximate result of said accident? Answer by stating the amount, if any.

"In estimating such damages, if any, you may take into consideration physical and mental pain, if any, together with loss of time, if any, up to the present so resulting. And if you find from the evidence that plaintiff's injuries, if any, will impair her capacity to work and perform services in the future, you may include in your estimate such amount as you may believe from the evidence would, if paid now, reasonably compensate her for such impaired capacity to work and perform services in the future, directly resulting from such injuries, if any."

It will be observed that in submitting this issue the court omitted the phrase "from a preponderance of the evidence" used in each of the preceding issues, and did not otherwise place the burden upon plaintiff to establish the amount of his damages by a preponderance of the evidence. Appellant objected to the form of the issue upon that ground, and prosecutes the point through his first and second propositions.

█ It is elemental that in cases of this nature the burden rests upon the plaintiff to establish the amount of his damages by a preponderance of the evidence, and in such cases it is the duty of the trial judge to so instruct the jury to whom that issue is submitted. The defendant's right to have the jury so instructed is a material one, and a valuable one, and the omission of the instruction, in the face of appropriate and timely complaint of the defect, constitutes reversible error. Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658. Defendant's first and second propositions must be sustained, and the judgment reversed.

█ In its third and fourth propositions appellant complains of the form of the submission of the issue of unavoidable accident, as follows:

"Question No. 13: Do you find from a preponderance of the evidence that the accident in question was not an unavoidable one? You will answer this question:

"It was not an unavoidable accident, or

"It was an unavoidable accident, as you may find the facts to be."

To which the Jury answered:

"We the Jury, answer: It was not an unavoidable accident."

In the original disposition a majority of the Court (Justice MURRAY dissenting) held that the quoted form of submission constituted reversible error, upon the following authorities; Speer's Special Issues, § 137; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658; Gulf, C. & S. F. Ry. v. Giun, Tex.Com. App., 116 S.W.2d 693, 116 A.L.R. 795; Blickman, Inc. v. Chilton, Tex.Civ.App., 114 S.W.2d 646; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901, writ dismissed by agreement; Fidelity & Casualty Co. v. Van Arsdale, Tex.Civ.App., 108 S. W.2d 550, dismissed for want of jurisdiction; Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622, expressly approved in Texas Employers' Ins. Ass'n v. Lemons, supra; Harrison-Wright Co. v. Budd, Tex. Civ.App., 67 S.W.2d 670, dismissed for want of jurisdiction.

Without expressly receding from that holding, we now withdraw it, since it is not necessary to this decision. But in view of another trial we suggest that the issue of unavoidable accident, if again raised by the evidence, be submitted in the form used upon the trial below, with instructions to the jury that in the event its finding is in the affirmative the form of the answer should be, "It was not an unavoidable accident"; and that otherwise the answer should be "No." Gulf, C. & S. F. Ry. v. Giun, supra.

As the questions raised in appellant's remaining assignments of error will probably not arise upon another trial, we pretermit any discussion of them; but, for the error in failing to instruct the jury on the burden of proof upon the issue of damages, the judgment will be reversed and the cause remanded.

The original opinion will be withdrawn, and this substituted in its stead.

MURRAY, Justice (dissenting).

I do not concur in the majority opinion, nor in the disposition made of this case.

As pointed out in the original opinion, by issue No. 22, the question as to the amount of recovery based on physician's services, hospital bills, etc., was properly

submitted to the jury, and answered in dollars and cents to be $600. This finding by the jury is not even challenged by appellant, but the effect of the majority holding is that this finding must be set aside because issue No. 23, inquiring about the amount of damages due to personal injuries, was defective, in that it did not properly place the burden of proof. Such a holding is obviously unsupported by reason and unjust in principal. As was said in 3 Tex.Jur. p. 1150, § 810: "Severance of Issues.—In a proper case, if error is found as to one or more issues only, the judgment being in other respects free from error, the cause may be reversed and remanded for retrial of the erroneously decided issues alone. As is remarked in an opinion in one of the cases, it would indeed be unfortunate if, after a fair and impartial trial has been had of one of the issues involved, the rules of procedure were such that, without any apparent reason therefor, the trial court should be again required to determine this same issue upon reversal for error affecting only another and separate issue. The same rule applies where the trial court made no finding upon some particular issue. Upon the other hand, where all the findings are vitiated by errors occurring at the trial, a complete retrial will be ordered; Rule 62a then has no application to the case." See, also, Durham v. Scrivener, Tex.Com. App., 270 S.W. 161; Gerlich v. Myers, Tex.Civ.App., 290 S.W. 270.

Furthermore, I have serious doubts as to whether or not there was any error as to issue No. 23, wherein the court failed to instruct the jury that they must find the amount of the damages "from a preponderance of the evidence." As pointed out in the majority opinion, the jury had, in response to special issues submitted, found that appellant's driver was negligent in failing to keep his automobile under control, in failing to stop his automobile immediately prior to the accident; that each of such acts of negligence were proximate causes of the accident; that the injuries were not the result of an unavoidable accident; that plaintiff Mrs. Nira was not guilty of contributory negligence, and no error is pointed out as to and of these findings. The evidence is undisputed as to the injury received by Mrs. Nira. She had both legs broken and one so badly that it had to be amputated. She was not able to walk at the time of the trial. The value of her services were estimated at from twenty to thirty dollars per month. It occurs to me, in view of these findings of the jury and the undisputed evidence as to the injury and earning capacity, there remained but one thing for the jury to do and that was to estimate the amount of the damages in dollars and cents. There was no preponderance of the evidence to be considered. It could be nothing more than an estimate pure and simple. I know of no case that has ever been reversed because of failure to include the phrase "from a preponderance of the evidence" in the question of amount of damages.

As is said in 13 Tex.Jur. p. 261, § 148:

"Determination as to Amount—Discretion.—The general rule is well settled that where the law furnishes no legal measure of damages, and they are unliquidated, the amount to be awarded rests largely in the discretion of the jury; and unless the award is so large as to indicate that it is the result of passion, prejudice or corruption, or that the evidence has been disregarded, their verdict is conclusive and will not be set aside as excessive, either by the trial court or on appeal.

"Compensation is the end to be attained in each instance. Full compensation is impossible in the abstract; and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation. The courts will only see that the jury approximate a sane estimate, or that the results attained do not shock the judicial conscience. And while the amount awarded must bear some reasonable proportion to injury sustained, a verdict will not be set aside merely because it is large, or because the reviewing court would have awarded less. It is the function of the jury to assess damages, and the fact that the law furnishes no legal rule for their admeasurement does not warrant, but should rather restrain the court from substituting its judgment as to what would be a reasonable compensation for the injury for that of the jury."

However, if it be the law that a jury must be instructed that in estimating or approximating the amount of damages under the facts as presented in this record they must be governed by a preponderance of the evidence, then it is my opinion that the case should be reversed only for the purpose of having another jury find the amount of damages after hearing the evidence relating thereto and in response to a proper question.

The jury properly found that the appellant was responsible in damages for Mrs. Nira's injury. There is no reason why appellee should again go through the expense and worry of another trial on these many issues, if only the amount of damages has not been properly found. For another jury to determine the amount of damages would be a relatively simple matter. This would be the proper procedure in this case if the judgment already rendered must be set aside. 3 Tex.Jur. p. 1150, § 810. See, also, Houston E. & W. T. R. Co. v. Jones, Tex.Civ.App., 1 S.W.2d 743; Sustaita v. Valle, Tex.Civ.App., 38 S.W.2d 638; House v. Rogers, Tex.Civ.App., 23 S.W.2d 414, affirmed in Tex.Com.App., 39 S.W.2d 1111; Neyland v. Brammer, Tex.Civ.App., 73 S.W.2d 884.