TEXAS FIRE & CASUALTY UNDER-
WRITERS v. BLAIR et al.

No. 8811.

Court of Civil Appeals of Texas. Austin.
June 14, 1939.

Rehearing Denied July 5, 1939.

410

Touchstone, Wight, Gormley, Strasburger & Price and Robert B. Holland, all of Dallas, for appellant.

David E. O'Fiel, of Beaumont, and B. C. Johnson, of Houston, for appellees.

BAUGH, Justice.

This is a Workmen's Compensation case. The statutory requirements precedent to filing the suit were complied with. Era Blair is the surviving widow of D. L. Blair, deceased. She sued for herself and as next friend of her minor children. Trial was to a jury on special issues and upon their findings judgment rendered for Era Blair and her minor son awarding compensation to each in the sum of $12.31 per week for 360 weeks, one-third of which was awarded to her attorneys, and denying a lump sum settlement; hence this appeal.

Appellant was the insurance carrier, Farrell & Ehrhardt Oil Company the subscriber, and D. L. Blair the employee. The allegations of plaintiff as to the manner and cause of his death were as follows: "That on to-wit: the 23rd day of April, A. D. 1936, the said D. L. Blair was in the employ of Farrell & Ehrhardt Oil Company at Goose Creek, Texas, working on a lease, that on said particular day, very early in the morning, the said D. L. Blair, deceased, was out arranging the work for the day on the lease, there being two or three other men working with and under him, and during the course of the work and before the arrival of his help, was prying up and jacking up heavy timber, and was caused to strain and exert himself, and during the course of the work, he became very much fatigued and overheated, and in prying the timber he was caused to accidently fall, and while so performing the duties of his employment and on account of becoming so overheated and exerted, and the work that the said D. L. Blair, deceased, was required to perform required a great deal of strength and he had to exert and strain himself, and the sun was hot, and that the said D. L. Blair was exposed to some hazard that the public was not generally exposed to, and that while so performing the duties of his employment the said D. L. Blair, deceased, was overcome by heat fatigue or suffered a heat stroke, or suffered a strain of the heart, or burst an artery, which caused him to fall out, as a result of which he suffered a heart attack, or apoplexy, from which his death was almost instantaneous."

The first issue submitted to the jury was: "Do you find from a preponderance of the evidence that D. L. Blair received an accidental injury on or about April 23rd, 1936?" To which the jury answered, "We do." The term accidental injury was properly defined by the court.

The jury also found in answer to special issues submitted to them:

2. That such injury was received in the course of his employment;

3. That it was a producing cause of his death;

4. That myocardial degeneration was not the sole cause of his death;

5. That the injuries received by him on September 5, 1935, (in an automobile wreck) were not the sole cause of his death;

6. That his death was not solely the result of natural causes.

The findings on other issues submitted are not material to our inquiry here. The matters submitted in the three issues last above stated embody the grounds on which appellant denied liability.

Appellant's first contention is that because in her original petition appellee sued it, though in its proper name, as a corporation; and in response to its plea in abatement, by amended petition alleged it to be a reciprocal insurance exchange, its true character; the amended pleadings constituted a new cause of action or amounted to bringing in a new party defendant. That when so considered the cause of action alleged in the amended petition was not filed within the 20-day period after notice of appeal from the award of the Industrial Accident Board prescribed by Art. 8307, Sec. 5, of the R.C.S.

There is no merit in this. An allegation by amendment merely correcting a misdescription of the character of the defendant insurer, where the true defendant appeared before the Industrial Accident Board, contested appellee's claim, was notified of the appeal from that Board's award, and its agents duly served with citation, neither brings in a new party nor

asserts a new cause of action. The only case relied upon to sustain this contention is that by the Court of Civil Appeals in Consolidated Underwriters v. Adams, 97 S. W.2d 323. Writ of error was granted in that case, however, and the holding therein reversed by the Supreme Court in 124 S.W.2d 840. The same question is therein fully discussed and determined adversely to appellant, and need not be further noticed here.

■ The next contention urged at some length by appellant is, in effect, that the evidence conclusively shows that D. L. Blair's death was not due to an injury received in the course of his employment. The jury found that it was. We have read carefully the statement of facts and find that the evidence was sufficient to sustain such findings. The contention is predicated in the main on certain allegations contained in a suit for damages filed against a Beaumont furniture company growing out of the automobile wreck of September 5, 1935. The record discloses, however, that that suit was filed by D. L. Blair during his lifetime for injuries to himself and to two of his minor children who were injured in the same collision. The furniture company admitted liability and an agreed settlement was reached, whether before or after Blair's death is not clear. In any event, agreed judgments in two suits for the benefit of these children were entered on June 6, 1936, after Blair's death. The suit as to injuries to D. L. Blair in that collision was on that date dismissed. The attorney for plaintiffs in those cases testified that after the settlements were agreed upon, the attorneys for the defendant requested that they be permitted, in order to properly protect their client, to draw the petitions on which the judgments and order of dismissal were entered; and that he, who represented Mrs. Era Blair after her husband's death, did not draw the petition upon which appellant here relies for its contention. Mrs. Blair also testified that she had nothing to do with such allegations. Manifestly under these circumstances such allegations as to facts would not preclude her from showing in the instant case that injuries thereafter received by D. L. Blair in the course of his employment contributed to cause his death on April 23, 1936.

The next contention made by appellant is that the form in which issue No. 1 was submitted "does not confine the jury to a consideration of the matters pleaded by the plaintiffs." The pleadings in this regard are quoted above.

■ The rule, long since established in negligence cases, is now well settled that the plaintiff must recover on the cause of action alleged and must establish these allegations by proper proof. Also, that where specific facts are pleaded as fixing liability upon the defendant, the issues submitted to the jury must be confined to the facts pleaded. City of Winters v. Bethune, Tex.Civ.App., 111 S.W.2d 797; Blickman v. Chilton, Tex.Civ.App., 114 S.W.2d 646; Allcorn v. Ft. W. & R. G. Ry. Co., Tex. Civ.App., 122 S.W.2d 341, writ refused. And this rule has been applied to Workmen's Compensation cases. Security Mutual Casualty Co. v. Bolton, Tex.Civ.App., 84 S.W.2d 552, writ dismissed; Fidelity Casualty Co. v. Von Arsdale, Tex.Civ. App., 108 S.W.2d 550; Casualty Underwriters v. Lemons, Tex.Civ.App., 114 S. W.2d 333. The cases last cited would appear to condemn as error the issue submitted in the instant case, in the light of the facts pleaded.

■ The basis for this rule is manifestly twofold: First, to prevent the jury from considering facts not pleaded in making their findings, wherein under such unpleaded facts the defendant would not be liable; and, second, to require the plaintiff in his pleadings to put the defendant upon notice of what facts he relies upon to charge the defendant with liability for the wrongs complained of, and to so give the defendant opportunity to meet such proof, refute it, or establish other facts negativing liability in the light of the facts pleaded. But where it affirmatively appears that neither of these reasons applies, such error is manifestly harmless. Such is the case here presented.

The deceased employee at and immediately prior to the time of his death was admittedly engaged in the discharge of his duties, which were to keep in operation a pump extracting oil from a well of the subscriber. This pump was operated by a motor and belt connected with a large wheel attached to the fulcrum of a heavy lever, or "walking beam" to one end of which was attached a rod extending down into the well to the pump; and to the other end a weight sufficient to balance the weight of the rod in the well. On the afternoon before Blair's death, the bearings of the wheel at the fulcrum had burned out and the well had been closed down.

Mrs. Blair testified that the deceased, on the morning in question, had gone down to this well about six o'clock. That about seven o'clock she went to the well, about a quarter of a mile from their house, and upon arrival found the deceased pale and exhausted and perspiring excessively; that while she was there, in trying to pry up the weight on the end of the "walking beam," the deceased fell against some pipe and remarked that it "knocked the breath out of him." Shortly after seven o'clock Ferrell, one of his employees, appeared at the well, decided that additional help would be needed to repair the drive wheel and put the pump in operation, and he and Blair started to the car to get additional help. Before they got to the car Blair fell and died instantly.

The record clearly discloses that the insurer sought to defeat liability as evidenced by the special issues submitted, 1st, on the ground that myocardial degeneration was the sole cause of Blair's death (Special Issue No. 4); 2nd, that his death was caused solely by the injuries received in the automobile collision on September 5, 1935 (Special Issue No. 5); or 3rd, that his death was solely the result of natural causes (Special Issue No. 6). All of these the jury found against appellant on competent evidence to sustain such findings.

While appellant insists that because plaintiff alleged in her petition that deceased received his injuries while prying on heavy timbers in trying to start the pump; and her testimony was that he was prying on the weight attached to the end of the beam or lever, there was such variance between the pleading and proof as not to fix liability. We find no merit in this contention.

It is perfectly clear, we think, assuming that it was erroneous not to submit the issue of deceased's injury upon the facts as pleaded, that the jury could not have been misled; and that they did not consider any outside or extraneous facts in arriving at their answer to the issue as submitted which would in any manner have relieved appellant of liability; or which, had such other facts have been specifically pleaded, would have, either upon the trial as had, or upon another trial, afforded the appellant any more opportunity to disprove or refute them, than it had upon the trial hereof. Whether the deceased received an injury in the exact manner pleaded, or in some similar manner; it is clear from the record presented that in either event it was received in the course of his employment; that the insurer was as a matter of law liable in either event under the findings of the jury against it on the only defenses it had; and that consequently the error complained of, conceding that it was error to submit said issue in the form presented, is utterly harmless; and that no injury could have resulted to appellant by reason thereof.

Appellant also complains of the form in which special issues 4, 5, and 6 were submitted, on the ground that the trial court failed to properly place the burden of proof. The same contention applies to each of such issues, and a discussion of one will suffice to dispose of all. Special Issue No. 4 was:

"Do you find from a preponderance of the evidence that the myocardial degeneration was not the sole cause of the death of D. L. Blair on April 23rd, 1936?

"Answer 'It was not the sole cause of his death' or 'It was the sole cause of his death.'"

If myocardial degeneration were the sole cause of Blair's death, the insurer was not liable; and the burden of proof rested upon the plaintiff to show that death occurred under such circumstances as to fix liability upon the insurer. That is, the burden rested upon the plaintiff to prove the negative of the defense urged. That being true, it was necessary to submit the issue in negative form. The form of the answer which the court instructed the jury to make in recording their finding did not relate to the burden of proof placed in the issue itself. That instruction was clearly for clarification and to avoid confusion in the minds of the jurors. While submission of issues in the negative sometimes leads to confusion, instances where it is necessary to submit issues in this form are not infrequent.

It is now settled that a litigant is entitled to have the burden of proof correctly placed by a proper charge. And the approved method of doing so in special issues is to so frame the issue that it will carry its own burden of proof, by instructing the jury to find from a preponderance of the evidence the fact or facts sought to be established. This method applies alike to negative as well as to affirmative findings.

Federal Surety Co. v. Smith, Tex.Com. App., 41 S.W.2d 210; Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658; Gulf, C. & S. F. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795.

The charge here involved required the finding of a negative fact; and the charge as submitted clearly instructed the jury that if they found such negative fact they must do so from the preponderance of the evidence. This was all that the law required. Similar, if not identical, submission of such issues has been approved in Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540; and in National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W.2d 115.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.