## TEXAS EMPLOYERS' INS. ASS'N v. HILDERBRANDT.

### No. 2405.

Court of Civil Appeals of Texas. Beaumont.
June 1, 1933.

A. L. Calhoun and D. C. Marcus, both of Beaumont, for appellant.

Fred A. White and Shivers & Baker, all of Port Arthur, for appellee.

WALKER, Chief Justice.

Appellee, C. A. Hilderbrandt, was the employee; D. N. Picton & Co., Inc., the employer; and appellant, Texas Employers' Insurance Association, the compensation insurance carrier, under the provisions of our Workmen's Compensation Act, articles 8306–8309, Rev. St. 1925. On the 3d day of December, 1930, while in the due course of his employment, appellee received a compensable injury. Not being satisfied with the award of the Industrial Accident Board, he gave due notice of appeal and upon trial in district court, on a verdict of the jury, was awarded compensation as for total incapacity for a period of 208 weeks on an average weekly wage of $24.25. Against this judgment, appellant presents the following assignments of error:

First: The court submitted the following issues to the jury, answered as indicated:

"Special Issue No. Ten (10). Has the plaintiff, C. A. Hilderbrandt, fully recovered from any disability resulting from the alleged injury of December 3, 1930?

"Answer 'Yes' or 'No' as you find the fact to be."

To which the jury answered: "No."

"Special Issue No. Twelve (12). Do you find that the permanent disability, if any, which the plaintiff, C. A. Hilderbrandt, sustained, if he did so, is directly attributable to any other cause than his alleged injuries?

"Answer 'Yes' or 'No' as you find the fact to be."

To which the jury answered: "No."

"Special Issue No. Thirteen (13). Do you find that the plaintiff, C. A. Hilderbrandt, is physically able to perform the same character of work he was performing before his alleged injury?

"Answer 'Yes' or 'No' as you find the fact to be."

To which the jury answered: "No."

"Special Issue No. Fourteen (14). Is the plaintiff's disability, if any, caused solely by rheumatism?

"Answer 'Yes' or 'No' as you find the fact to be."

To which the jury answered: "No."

The court charged the jury as follows on the issue of burden of proof: "This case will be submitted to you upon Special Issues, your answers to which will constitute your verdict, and your answers will be made from a preponderance of the testimony." ·

This charge erroneously imposed upon appellant the burden of establishing the affirmative of these issues. This was not appellant's. burden. Under the law, appellee rested under the burden of establishing the negative of these issues and the charge given was reversible error. In Texas Indemnity Ins.. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 219, 78 A. L. R. 760, it was said: "Under the Workmen's Compensation Act (article 8307, § 5), the burden of proof is always upon the party claiming compensation. Here the claimant asserted his right to compensation because of having contracted tuberculosis of the lungs as the natural and direct result of injuries claimed to have been received on August 1, 1928, while in the International Creosoting & Construction Company's employ, and the ·burden was on him to establish that fact by a preponderance of the evidence, which .necessarily included the further fact that he did not have such disease at the time he alleged he received such injuries; this was a contested question in the case, and the special issue on the subject should have been so framed as to place the burden of proof on him."

In Texas Employers' Ins. Ass'n v. Stephens (Tex. Civ. App.) 22 S.W.(2d) 144, 146, it was said: "Without discussing at length the question presented, we will say only that it is ruled in appellant's favor by the following cases: Nobles et ux. v. Texas Indemnity Ins. Co., 12 S.W.(2d) 199, by Judge Nickels of the Commission of Appeals, and referring to Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1085, where it is said, in effect, the general rule is that where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory, and exclusive, and must be complied with in all respects."

It is no answer· to appellant's assignment of error to say that the issues submitted by the foregoing questions were not raised by the evidence. On the record before us, the sufficiency of the evidence to raise these issues cannot be inquired into. Answering the contention that error cannot be predicated upon an erroneous charge on the burden of proof, where the issue was not raised by the evidence, the Commission of Appeals, in Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.(2d) 521, 523, said: "More-over, having been actually submitted without objections by either party, neither party can raise the question there is no evidence to authorize the submission."

This case was cited with approval by Mr. Justice Lawhon, speaking for the majority of this court, in Texas & N. O. Railway Co. v. Owens, 54 S.W.(2d) 848 (writ of error refused). Appellant has the same exception against issue No. 11, which is as follows: "Special Issue No. Eleven (11). Will the plaintiff, C. A. Hilderbrandt, in the future recover from any disability caused by the alleged injury of December 3, 1930?"

But as this question was answered in favor of appellant, the error was rendered harmless.

Second: The court did not submit to the jury the issue as to whether or not appellee gave notice of his injury within 30 days from its happening. This issue was not requested by either party. The only testimony on the issue was by appellee, which was insufficient to establish the issue as a matter of law, because of the many contradictions in the record against his theory of the case. His testimony was subject to the rule announced by the Commission of Appeals in Mills v. Mills, 228 S. W. 919, 920: "It is settled law in Texas that it matters not how positive and uncontradicted the testimony of an interested party may be, the question of his credibility must be submitted to the jury."

This was one of the determinative issues in appellee's case—jurisdictional in its nature—and the burden rested upon him either to establish it as a matter of law, which he did not do, under the rule announced in the Mills Case, or secure a jury's verdict thereon. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. Appellee erroneously contends that the burden was upon appellant to ask for the submission of this issue and that by its failure to ask for its submission the question was remitted to the trial judge for an independent finding by him. The issue was for the jury and without a jury finding thereon in appellee's favor the judgment was without support.

There is no merit in the contention that the evidence was insufficient to support the judgment of total incapacity for 208 weeks nor that the evidence was insufficient to support the jury's finding of average weekly wage of $24.25. However, the finding was in direct conflict with the court's charge and upon another trial the charge should be so framed as to give appellee the benefit of his evidence on this issue.

For the reasons stated the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.