## UNITED STATES FIDELITY & GUARANTY CO. v. LINDSEY.

### No. 2475.

Court of Civil Appeals of Texas. Beaumont.
Dec. 6, 1933.

Rehearing Denied Dec. 13, 1933.

**420**

David C. Marcus and Leon P. Howell, both of Beaumont, for appellant.

C. A. Lord, of Beaumont, and J. T. Lindsey, of Port Arthur, for appellee.

WALKER, Chief Justice.

This suit was filed in the district court of Jefferson county by appellee, R. L. Lindsey, against appellant, United States Fidelity & Guaranty Company, as an appeal from an adverse award of the Industrial Accident Board, under the provisions of our Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended); Pure Oil Company was named as the employer, appellee as the employee, and appellant as the insurance carrier. For cause of action appellee pleaded further that while in the due course of his employment he received severe injuries from a burn, resulting in his total permanent incapacity, for which he prayed judgment in a lump sum at an average weekly wage, entitling him to compensation on the basis of $18 per week. Appellant answered by general and special demurrers and general denial. Judgment was entered in appellee's favor upon the verdict of the jury, finding that he was employed as alleged and received his injuries as alleged, which resulted in total permanent incapacity, and facts entitling him to a lump sum settlement. On the undisputed facts the court fixed his average weekly wage and assessed his compensation at $18 per week.

The only charge submitted by the trial court to the jury on the issue of burden of proof was as follows: "This case will be submitted to you upon special issues in the form of questions, which you will answer according to the preponderance of the evidence, as you may find the same to be."

Under this charge the submission of the following issue, answered by the jury in the negative, was reversible error: "No. 13. Do you find that any injury received by R. L. Lindsey since the 2nd day of February, 1932, is the sole cause of his present incapacity to labor, if any?"

Texas Employers' Ins. Ass'n v. Hilderbrandt, 62 S.W.(2d) 209, decided by this court at the last term, is on all fours in support of appellant's assignment against the foregoing special issue. In support of this conclusion we can add nothing to what we said in the Hilderbrandt Case.

Appellee advances the following counter propositions against our conclusion of reversible error.

First. He insists that the charge was not error and that the issue was properly submitted. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, affirmatively denies this contention.

Second. Not denying that Texas Employers' Ins. Ass'n v. Hilderbrandt, supra, is in point in support of our conclusion of reversible error, appellee insists that case was not correctly decided and that the authorities cited by us therein do not sustain our construction of the court's charge and of the special issues therein discussed. We have again examined, to the best of our ability, the cases cited by us in that case and are still of the opinion that they are directly in point and sustain fully what was there said.

Third. If it be conceded that the form of this issue was error, yet appellee contends that appellant cannot complain of the error because a correct charge was not prepared by it and submitted by it to the court with the request that the correct charge be given to the jury. This contention is denied by our holding in Indemnity Insurance Co. v. Boland, 31 S.W.(2d) 518, 519, where the very point was before us and denied, with writ of error refused. We there held that an exception to the court's charge was a sufficient basis upon which to predicate error.

Fourth. It is further contended by appellee that this question did not submit a controverted fact issue, that is to say, he contends that under the undisputed evidence the issue of "sole cause" was not in the case, and, therefore, the error, if any, in its submission was immaterial. We do not review the testimony under this counter proposition for it is not available to appellee. The question complained of was submitted to the jury without objection by him, and where the record reflects that fact the rule, announced by Rosenthal Dry Goods Co. v. Hillebrandt, supra, is that on appeal, the appellee cannot successfully advance the counter proposition that there was no evidence to raise the issue. It is conceded that this is a correct construction of the Rosenthal Dry Goods Company Case, supra, but it is insisted that the rule thus announced was abrogated by the Act of the 42nd Legislature, c. 78 (Vernon's Ann. Civ. St. art. 2190) amending article 2190, R. S. 1925, to read as follows: "A claim that the evidence was insufficient to warrant the submission of an issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party."

This amendment is entirely foreign to the rule of practice now before us; the amendment merely allows the complaining party, who may have requested the submission of an issue, to claim on appeal that, notwithstanding his request, the evidence was insufficient to warrant its submission. The proposition before us is that appellee, while not requesting the submission of the issue, permitted the court to send it to the jury without

objection. He does not ask that the jury's answer to the question be set aside, the right and the only right, given the complaining party by the amendment to article 2190, but must sustain the jury's answer to this question in order to support his judgment. The issue narrows itself to this point, that appellee has a finding in his favor on an erroneous issue, which he can support only by showing that, under all the evidence, the issue thus submitted was not raised by the evidence. That was the point squarely before the court in the Rosenthal Dry Goods Company Case, supra, and affirmatively decided against appellee's contention. Texas & New Orleans Railway Co. v. Owens, 54 S.W.(2d) 848, 855, was decided by this court, Mr. Justice Lawhon writing the opinion, long after the amendment relied upon by appellee became effective. In that case Judge Lawhon said: "The Commission of Appeals, in Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.(2d) 521, held that where issues had been submitted without objections, the party could not raise the question that there was no evidence to authorize such submission."

We have tried to give a construction to the amendment to article 2190, in answer to appellee's criticism of the Owens Case, supra, that it does not appear upon the face of the opinion that Judge Lawhon considered the amendment in announcing the proposition quoted above.

Fifth. Appellant appears to have introduced in evidence appellee's petition, without qualification or limitation or reservation. By this petition appellee pleaded all the essential facts to support his prayer for relief. He now asserts by a counter proposition that, since appellant offered this petition as evidence, without limiting its purposes, it is bound thereby and cannot question the legal effect of the recitations contained therein. We do not determine the evidentiary effect of the introduction of appellee's petition since, for the reasons stated above, he cannot now say that the erroneous question did not submit a controverted issue.

Sixth. There is no merit in the last counter proposition that the erroneous question did not submit a material issue, that is to say, as we understand the counter proposition, appellee contends that the issue submitted by this question was merely evidentiary and not determinative. If the injury received by him since the date given in special issue No. 13 was "the sole, proximate cause of his present incapacity to labor, if any," then manifestly he has no cause of action.

■■ Appellant also assigns error against the submission of the following issues: "No. 11. Do you find that any injury received by R. L. Lindsey prior to February 2, 1932, has contributed to his incapacity to labor since said date?"

In connection with this issue the trial court submitted issue No. 12, reading as follows: "To what extent has such prior injury so contributed to said incapacity? Answer by giving the percent that such prior injury has contributed to said incapacity, if any."

Question No. 14 was also assigned as error: "Do you find that any injury received by R. L. Lindsey since the 2nd day of February, 1932, contributes to his present incapacity to labor, if any?"

Special issue No. 15 was submitted in connection with issue No. 14: "To what extent does said injury received by R. L. Lindsey since the 2nd day of February, 1932, contribute to such present incapacity?"

The submission of these issues was authorized by section 12c of article 8306, Revised Statutes, which reads as follows: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee, had there been no previous injury."

These issues fall within the condemnation of Texas Employers' Ins. Ass'n v. Hilderbrandt, supra. We do not review the testimony under appellee's counter propositions in support of these issues, that there was no evidence to authorize their submission, for these counter propositions are not available to him. Special issues 11, 12, 14, and 15 were submitted to the jury without objection by appellee and, as said above in discussing issue 13, "where the record reflects that fact the rule, announced by Rosenthal Dry Goods Co. v. Hillebrandt, supra, is that on appeal the appellee cannot successfully advance the counter proposition that there was no evidence to raise the issue."

The other errors assigned can easily be obviated upon another trial. It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial and it is accordingly so ordered.

Reversed and remanded.