**TEXAS EMPLOYERS' INS. ASS'N v. VAN PELT.**

No. 4156.

Court of Civil Appeals of Texas. Amarillo.

Feb. 5, 1934.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

L. B. Godwin, of Amarillo (Kimbrough & Boyce, of Amarillo, of counsel), for appellee.

JACKSON, Justice.

Ralph Van Pelt instituted this suit in the district court of Hutchinson county against the Texas Employers' Insurance Association to set aside the decision of the Industrial Accident Board and recover compensation for injuries he claims to have received while employed by James Foran who carried compensation insurance with appellant.

There is no complaint as to jurisdiction or pleadings.

The court submitted to the jury special issues relating to general disability which were answered in favor of appellee and judgment rendered that he recover $18.10 per week for 260 weeks and $7.24 per week for 140 weeks, less $199.10 theretofore paid by appellant for 11 weeks.

It is not necessary to set out or discuss the errors urged in connection with these findings, since appellee admits that the judgment based on general disability is erroneous.

■ In response to special issues inquiring as to the injuries to appellee's hand and arm, the jury found, in effect, that the appellee was injured on May 8, 1931; that the injury involved his right hand, right arm, and right shoulder; that the injury to the right hand resulted in a total loss of the use thereof for 172 weeks, but that such total loss was not permanent; that there was a perma-

nent partial loss of the use of the right hand to the extent of 12 per cent.; that the injury to the right arm resulted in the total loss of the use thereof for a period of 260 weeks, but that such total loss was not permanent; that such injury resulted in the permanent partial loss of the use of the arm to the extent of 40 per cent.

Special issue No. 16 is: "Do you find from the preponderance of the evidence that the injury of May 20, 1930, to plaintiff's right hand or the effects of that injury, contributed to the loss of use, if any, of plaintiff's right hand from the injury if any of May 8, 1931?"

This the jury answered in the negative.

Special issue No. 24 is:

"What do you find from the preponderance of the evidence were the average weekly wages being earned by the plaintiff at the time of the injury, if any, of May 8, 1931?

"In connection with this issue you are instructed that you will arrive at the average weekly wages of the plaintiff in such manner as may seem to you just and fair to both the plaintiff and the defendant."

Answer: "$36.30."

Appellee admits that he could not recover compensation in excess of $18.10 per week, since that is the amount claimed in his petition based on an alleged average weekly wage of $30.17 per week.

On the findings of the jury pertaining to injuries of a specific member—the arm—he seeks to have the judgment reformed and affirmed decreeing to him $18.10 per week for 200 weeks, asserting that the issues as to the loss of the use of his hand are immaterial because, as disclosed by the findings, he sustained concurrent injuries resulting in concurrent incapacities and he is therefore entitled to recover for the longest period of incapacity prescribed by law, which in the instant case is 200 weeks for the loss of the use of his arm. Article 8306, § 12, R. C. S.

In view of the errors hereafter discussed, this position is not tenable.

■■ Appellant assails as erroneous special issue No. 16 quoted above because the burden was on appellee to prove that the previous injury to his right hand, received on May 20, 1930, did not contribute to the loss of the use thereof, but the issue as submitted placed the burden on appellant to prove that such injury had contributed thereto.

Article 8307, § 5, R. C. S., as amended by Acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St.

art. 8307, § 5), places the burden of proof on the party claiming compensation to establish his right thereto. Article 8306, § 12c, provides: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee."

That appellee had on May 20, 1930, prior to the injury on May 8, 1931, for which he claims compensation, suffered an injury to his right hand for which he claimed and received compensation, is uncontroverted. Special issue No. 16, as submitted, placed the burden on appellant to show that such previous injury had contributed to the loss of the use of the hand instead of upon appellee to prove that such previous injury had not contributed to such loss. If the jury had found that the use of the hand was impaired by the previous injury, it will hardly be contended that such previous injury would not have affected the use of the arm. Texas Employers' Ins. Ass'n v. Hilderbrandt (Tex. Civ. App.) 62 S.W.(2d) 209; Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 78 A. L. R. 760. This error was not invited, nor waived, by appellant by its requested issue on this subject, since such requested issue did not place the burden on either party. Texas Employers' Ins. Ass'n v. Grace Clark White et al. (Tex. Civ. App.) 68 S.W.(2d) 511.

The appellee recognized this burden and alleged that his incapacity did not exist in any degree prior to the accidental injury complained of.

■■ The appellant complains of special issue No. 24 as submitted, because it ignored the wages earned by appellee for the greater part of the year preceding the accident, limited the jurors to certain testimony which restricted them in making their finding to the wages he received at and just prior to the injury, when they should have been permitted to consider all the pertinent testimony to enable them to determine what appeared to be just and fair to the parties.

The objections to the explanatory charge given in connection with said issue are that it authorized the jury to answer arbitrarily, without limitation or direction, leaving them to consider whatever they deemed proper.

The appellee alleged, in effect, that it would be fair and just to calculate his compensation on a weekly wage of $30.17. The jury found that appellee had worked at the same kind and character of work for 256 days from May 8, 1930, to May 8, 1931, at an average daily wage of $4.10. It is admitted that the testimony shows that appellee at the time of his injury had been working for his employer, James Foran, for a period of 4 weeks, or 24 days, at $6.05 per day. It is manifest that the finding of the jury that an average weekly wage of $36.30 was fair and just between the parties is based on the wages appellee had been receiving from his last employer for whom he had worked 24 days at the time of his injury. It is obvious that this is the only amount for the average weekly wage the jury could have found under the instruction of the court. The language "in any manner which seems just and fair" fixes a general but not an arbitrary rule for computing "average weekly wages." Such wage should be ascertained from all the facts and circumstances pertinent to such issue in order to impartially determine the compensation in a manner legally fair and just. The court committed error in limiting the jurors in their consideration of an average weekly wage fair and just to the parties, to any particular fact or circumstance.

Appellant contends that appellee's average weekly wages should not be determined under subsection 3 of section 1 of article 8309, because the testimony fails to show that such wage could not be computed under subsection 1 or subsection 2 of section 1 of said article.

While the testimony on such issues could have been more conclusive, it was without substantial contradiction and we do not feel authorized to hold that it was insufficient.

Inasmuch as the appellee admitted that the judgment rendered on the findings of the jury relative to general incapacity could not be sustained, we have not considered the errors assigned on the issues of general incapacity. Under this record the other assignments, not discussed, do not present reversible error.

The judgment is reversed and the cause remanded.