## CONSOLIDATED UNDERWRITERS v. STRAHAND.

### No. 2764.

Court of Civil Appeals of Texas. Beaumont.
May 25, 1935.

Rehearing Denied May 29, 1935.

C. A. Lord, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, and E. A. Lindsey, of Newton, for appellee.

COMBS, Justice.

This is a compensation case. Appellee, Kinzie Strahand, was the employee, Wier Long Leaf Lumber Company the employer, and appellant, Consolidated Underwriters, the compensation insurance carrier.

Appellee, as plaintiff, filed this suit in the district court of Newton county, claiming compensation for total permanent disability. Appellee was employed as a common laborer and at the time of his alleged injury on July 11, 1932, he was engaged in sawing logs in the woods. His pleadings were, and his evidence tended to show, that on that day he tripped and fell while running to get out of the way of a falling tree and in his fall struck his chest and side on a log. It is his theory that he became totally and permanently disabled as the result of said injury. It is shown that on the day he sustained the fall he continued to saw logs until his regular quitting time; that he was then off duty until August 17th, when he went back to work at his usual job, and followed it until November 1st of that year, when he became totally and permanently disabled. It is appellant's theory that appellee's condition is due wholly to disease, to wit, heart disease, high blood pressure, and hardening of the arteries, which diseased condition and consequent disability is not connected with or due in any manner to the injury.

Upon a trial to a jury, all issues submitted were answered in favor of appellee and judgment was entered thereon in his favor for a lump sum settlement based on 401 weeks at $7 per week.

Medical testimony was offered which tended strongly to bear out appellant's theory of the case that appellee's incapacity was due solely to disease. However, without setting out or discussing the testimony, we think it ample to raise an issue for the jury and to sustain a finding thereon in favor of the appellee that his incapacity is due to the injury alleged.

Appellant's proposition that the trial court committed reversible error in submitting special issue No. 17 in such form as to cast the burden of proof on the defendant must be sustained. The issue complained of reads as follows:

"From the preponderance of the evidence do you find that the incapacity suffered by plaintiff, if any, after July 11th, 1932, is due solely to disease which plaintiff had after July 11th, 1932?

"Answer 'plaintiff's incapacity is due solely to diseases' or 'plaintiff's incapacity is not due solely to diseases' as you find the facts to be."

It is now too well settled to admit of argument that the burden of establishing the negative of said issue was upon the plaintiff. Article 8307, § 5, Vernon's Ann. Civ. Statutes; Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W. (2d) 215, 78 A. L. R. 760; Texas Employers' Ins. Ass'n v. Hilderbrandt (Tex. Civ. App.) 62 S.W.(2d) 209; U. S. Fidelity & Guaranty Co. v. Lindsey (Tex. Civ. App.) 66 S.W.(2d) 419.

It is contended by appellee that even if it was error for the trial court to so frame said issue 17 as to cast the burden of proof upon the defendant, that such error was harmless because the issue was not raised by the evidence. It is insisted that the uncontroverted evidence shows that whatever disease, if any, appellee was suffering from existed long prior to his injury, and since the issue of prior existing disease was properly submitted to the jury by the preceding issue No. 16, and determined by the jury in appellee's favor, appellant could not have been injured by the manner of submitting the issue complained of because there was no evidence to carry it to the jury or support a finding thereon in appellant's favor. Appellee is in no position to make such contention here. For regardless of the state of the evidence as to when the disease began, the issue complained of was submitted without objection and appellee cannot urge in this court that there was not evidence to authorize its submission. Rosenthal Dry Goods Co. v. Hillebrandt (Com. App.) 7 S.W.(2d) 521; U. S. Fidelity & Guaranty Co. v. Lindsey, supra; Texas Employers' Ins. Ass'n v. Hilderbrandt, supra.

Upon another trial all of the special defenses alleged by the defendant and raised by the evidence should be submitted to the jury.

For the error discussed, the judgment of the trial court is reversed and the cause remanded for a new trial.