### TRAVELERS INS. CO. v. MALDONADO.
#### No. 8128.

Court of Civil Appeals of Texas. Austin.

Nov. 27, 1935.

Coleman Gay, of Austin, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

G. A. Martins and Polk Shelton, both of Austin, for appellee.

McCLENDON, Chief Justice.

Suit by Maldonado against the insurance company, insurance carrier for Kuntz-Sternenberg Lumber Company, to set aside an award of the Industrial Accident Board awarding Maldonado $63.19 as total compensation for injuries received while employed by the lumber company. In a trial to a jury upon special issues, the judgment was for Maldonado for $2,631.34. The insurance company has appealed.

The sixth special issue (answered "No") reads: "Do you find from a preponderance of the evidence that the incapacity (if any) to labor in pursuance of a gainful occupation suffered by plaintiff as a result of the accidental injuries complained of by him in his Petition had terminated (ended) on or prior to April 30, 1933?"

The seventh special issue (answered "No") reads: "Do you find from a preponderance of the evidence that the incapacity (if any) of plaintiff to labor in pursuance of a gainful occupation on and after April 30, 1933, complained of by him in his Petition, is the result of syphilis, as alleged in defendant's Answer?"

Objection was made to each of these issues upon the ground that it "imposes a greater burden of proof upon the defendant than the law required." The objection was well taken in each instance. The burden was on plaintiff to establish by a preponderance of evidence that his disability had not terminated and that it was due to injuries received in the course of his employment, and not to syphilis or other cause. Upon both of these issues,

the evidence was sharply conflicting, and to place the burden of establishment upon the affirmative by a preponderance of evidence constituted reversible error. Texas Indemnity Ins. Co. v. McCurry (Tex.Com. App.) 41 S.W.(2d) 215, 78 A.L.R. 760.

Such error was a positive affirmative one and did not consist merely in an omission. It was therefore not incumbent upon appellant to present correct charges upon these issues. Hines v. Kelley (Tex.Com. App.) 252 S.W. 1033.

Other matters complained of are either without merit or may not arise upon another trial, and we think it unnecessary to discuss them further than to say that we do not think the evidence presented was sufficient to sustain a lump sum judgment.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.