**TRAVELERS INS. CO. v. GIACOMINO.**

No. 3020.

Court of Civil Appeals of Texas. Beaumont. Nov. 4, 1936.

Rehearing Denied Nov. 18, 1936.

Templeton, Brooks, Napier & Brown, of San Antonio, Kleberg & Eckhardt, of Corpus Christi, and L. Hamilton Lowe, of Austin, for appellant.

Jones & Kirkham and Purl & Pearson, all of Corpus Christi, for appellee.

WALKER, Chief Justice.

This is a workmen's compensation case with the New Nueces Hotel Company of Corpus Christi the employer, appellee, Joe Giacomino, the employee, and appellant, Travelers Insurance Company, the compensation insurance carrier. The appeal was originally filed in the San Antonio Court of Civil Appeals, then transferred to this court by order of the Supreme Court.

On January 26, 1935, appellee was employed as a helper in the laundry of the New Nueces Hotel at a wage of 20 cents per hour, making an average weekly wage of $10.71. On that date he received severe injuries to his right hand, necessitating the amputation of the arm just "immediately below the head of the humerus." On the 15th day of February, 1935, 21 days after the accident, appellant paid appellee $28, and each week thereafter, including the week of July 19, 1935, paid him $7. On February 16, 1935, appellee filed his claim with the Industrial Accident Board and filed an amended claim on the 24th day of May, 1935, for total permanent disability. On July 18, 1935, the board gave him an award for total permanent disability for 401 weeks at $7 per week. Appellee duly appealed from the award, claiming compensation at $14.42 per week. Appellant answered by cross-action, admitting its liability to appellee for a specific injury for loss of the arm at $7 per week. On trial to a jury appellee was awarded compensation for total permanent disability for 401 weeks based on an average weekly wage of $24.03.

■ We sustain appellant's proposition that the finding of the jury fixing appellee's average weekly wage at $24.03 is without support in the evidence. Between September, 1933, and May, 1935, the New Nueces Hotel Company operated under a laundryman's code, fixing the wages of helpers at 20 cents per hour. Appellee was on the pay roll of the New Nueces Hotel from September, 1934, to January 26, 1935, and received the wage fixed by the award. Since appellee had not worked a year, on the issue of average weekly wage the court heard testimony of certain witnesses, employees of other laundries, of the wages received by them. This testimony was improperly received, over appellant's objection that these witnesses were not employed in the same class of work done by appellee.

Issue No. 6 submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the injuries sustained by plaintiff, if any, are confined to the loss of his right arm?"

Travelers Ins. Co. v. Maldonado (Tex. Civ.App.) 89 S.W.(2d) 300, is directly in point, sustaining appellant's assignment that issue No. 6 "improperly placed the burden of proof in said question upon the defendant." The following additional authorities support this assignment: Texas Indemnity Ins. Co. v. McCurry (Tex. Com.App.) 41 S.W.(2d) 215, 78 A.L.R. 760; Texas Employers' Ins. Ass'n v. Hilderbrandt (Tex.Civ.App.) 62 S.W.(2d) 209; Texas Employers' Ins. Ass'n v. White (Tex.Civ.App.) 68 S.W.(2d) 511; Stedman Fruit Co. v. Smith (Tex.Civ.App.) 45 S.W.(2d) 804; Dallas Railway & Terminal Co. v. Fuchs (Tex.Civ.App.) 52 S. W.(2d) 685; Texas Employers' Ins. Ass'n v. Van Pelt (Tex.Civ.App.) 68 S.W.(2d) 514; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.(2d) 658.

■ Appellant duly excepted to the court's charge because it failed to submit certain defensive issues. The exception to the charge was sufficient to call these omissions to the court's attention. It was not necessary for appellant to prepare and submit to the court special charges submitting these issues. Indemnity Ins. Co. of North America v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518.

■ On oral argument appellant conceded that the evidence raised the issue of total permanent incapacity and has no assignment against that finding. But since it conceded liability for the loss of the arm, by numerous exceptions to the charge it made the contention in the lower court,

and here renews this contention that, on the issue of total permanent incapacity, the jury should have been instructed not to consider the loss of the arm. This contention is overruled. On that issue appellee had the right to submit to the jury every injury received by him.

Appellant has serious assignments against the argument of appellee's counsel, which should not be repeated upon another trial.

Appellant's other propositions are without merit.

For the errors discussed, the judgment of the lower court is reversed and the cause remanded for another trial.

Reversed and remanded.