## SOUTHERN UNDERWRITERS v. WADDELL.

### No. 8927.

Court of Civil Appeals of Texas. Austin.

Oct. 23, 1940.

Will R. Saunders and Henry D. Akin, both of Dallas, for plaintiff in error.

Clyde Vinson and Dennis B. Patton, both of San Angelo, for defendant in error.

BLAIR, Justice.

This is a workmen's compensation case. It arose as a statutory appeal from an award by the Industrial Accident Board, the appeal being, as concerns this appeal, by the injured employee, A. M. Waddell, referred to herein as appellee. He alleged and the jury found that he was injured in the course of his employment with Whitham Construction Company, which was covered by a policy issued by The Southern Underwriters, herein referred to as appellant; and upon the jury's further answers to special issues a lump sum judgment for $4,683.83 was rendered in favor of appellee; hence this appeal.

Appellant succinctly states six points as showing reversible error, as follows:

"(1) In the conditional submission of the defensive issues of temporary and partial incapacity.

"(2) In placing the burden of proof upon the defendant to establish the affirmative of its defensive issues, instead of placing the burden of proof upon the plaintiff to establish the negative thereof.

"(3) In assuming that plaintiff was an employee of L. E. Whitham Construction Company, which is a highly controverted issue in this case.

"(4) In rendering judgment for plaintiff in the absence of any proper basis for his rate of compensation.

"(5) In rendering judgment against defendant who only issued a policy of workmen's compensation insurance to L. E. Whitham Construction Company, when the uncontroverted evidence shows that L. E. Whitham Construction Company and Austin Bridge Company were joint adventurers on the road job on which plaintiff was working.

"(6) In admitting X-ray pictures in evidence which were not shown to have been properly taken and developed and to correctly portray the portion of plaintiff's anatomy which they purport to portray."

■ These points are predicated upon sixteen propositions and twenty-four assignments of error. Some of these propositions must be sustained requiring the cause to be reversed and remanded for another trial. However, in reversing the case, we are compelled to again assess a part of the costs against appellant under the rule announced by this court in Federal Underwriters Exchange v. Simpson, 137 S.W.2d 132, 136, wherein we held that because of "the useless and inexcusable enlargement of the record," a part of the costs should be taxed against appellant. This case was tried before our decision in the Simpson case and before the practices condemned had been pointed out. Counsel for the appellant in this case and the appellant in the Simpson case are the same, and if this case had not been tried before the decision in the Simpson case, counsel would have no doubt avoided the practices condemned. Suffice it to say in the instant case that 82 pages of objections and exceptions (some 100 of them) were made to the court's charge, most of which were the same stereotyped form used in all these cases, and had no application to any issues in this case, which were comparatively few and simple, although 38 special issues were submitted to the jury. Appellant then filed an amended motion for a new trial, consisting of 43 pages, setting up 255 distinct grounds of error, and by reference and adoption made the 82 pages of objections and exceptions to the court's charge a part of the motion for a new trial. Of these grounds appellant presented in its brief 24 assignments on 10 pages, which unquestionably present every matter of possible error in the case, and reduce themselves to the six succinct points of reversible error above quoted. Thus we find that the length of the transcript was unnecessarily increased at least 115 pages, or at least one-half of the 216 pages of the transcript, and accordingly assess one-half of the cost of same against appellant, the remaining costs to be taxed against appellee.

■ Passing to the merits we find that by its first two propositions appellant contends that the court erred, as was specifically pointed out by its objections and exceptions to special issues Nos. 12 and 16, in conditionally submitting its defensive issues of temporary and partial incapacity of the injured employee. That is, the court instructed the jury not to answer these issues if it had answered prior issues finding that appellee had suffered total permanent injuries, etc. In compensation cases, the defendant's general denial puts in issue all phases of plaintiff's cause of action, which consist of total permanent, temporary total, temporary and partial incapacity, etc.; and where the evidence raises any such issue, the court must affirmatively and unconditionally submit same, and it is reversible error not to do so. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340; Texas Fire & Casualty Underwriters v. Watson, Tex. Civ.App., 126 S.W.2d 496, writ refused; Traders & Gen. Ins. Co. v. Lincecum, Tex. Civ.App., 126 S.W.2d 692; Commercial Standard Ins. Co. v. Davis, Tex.Civ.App., 135 S.W.2d 794, writ dismissed, judgment correct; Id., 134 Tex. 487, 137 S.W.2d 1; Federal Underwriters Exchange v. Hightower, Tex.Civ.App., 142 S.W.2d 963. Two doctors who examined appellee testified that he had a partial permanent disability to his arm, which he claimed to have received from a fall in the course of his employment. As to permanent injury to his head and nervous system, causing loss of memory, listlessness and inability to think, etc., the doctors testified that they found no evidence of such injuries, although in answer to hypothetical questions based upon acts and conduct of appellee, they stated that such injuries could have resulted from the fall of appellee. Thus an issue of fact as to temporary and partial incapacity of appellee was clearly raised by both pleadings and evidence, and should have been affirmatively and unconditionally submitted.

640

■ Appellant specifically objected to special issues Nos. 2, 13, 20, 21, 22, 23 and 25 as improperly placing the burden of proof upon it. These issues each submit an affirmative defense of appellant and the quotation of two of them will suffice to show the error in each issue.

"Special Issue No. 2: Do you find from a preponderance of the evidence in this case that the plaintiff, Waddell, was an employee of Clay C. Simpson, on April 18th, 1936? Answer Yes or No." Answer: "No".

"Special Issue No. 20. Do you find from a preponderance of the evidence in this case that the pyorrhea from which plaintiff is suffering, directly and proximately caused the disability, if any, of the plaintiff at this time? Answer Yes or No." Answer: "No."

Each issue involved was specifically objected to upon the ground that it required appellant to establish by a preponderance of the evidence the affirmative of each affirmative defense interposed by it, and in each objection appellant pointed out and requested that the burden of proof should be placed upon appellee to establish the negative of each of said issues. There was some evidence tending to support each of these issues, and the court erred in not placing the burden on appellee to prove the negative of each of these issues, because the statute (Sec. 5, Art. 8307, R.S.1925, Vernon's Ann.Civ.St. art. 8307, § 5) places the burden of proof upon the claimant of compensation, and courts hold that it is error for an issue to place the burden of proof on the defendant to establish the affirmative of its affirmative defenses raised by the pleadings and evidence, rather than upon the claimant or plaintiff to establish the negative thereof. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; R.S.1925, Art. 8307, Sec. 5; Norwich Union Ins. Co. v. Chancellor, Tex.Com.App., 5 S.W.2d 494; Lawler's Texas Workmen's Compensation Law, p. 478; Nobles v. Texas Indemnity Ins. Co., Tex.Com.App., 12 S.W.2d 199; Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787; Hartford Accident & Indemnity Co. v. Leigh, Tex.Civ.App., 57 S. W.2d 605; Traders & General Ins. Co. v. Copeland, Tex.Civ.App., 84 S.W.2d 813; Traders & General Ins. Co. v. Locklear, Tex.Civ.App., 119 S.W.2d 153; Federal Underwriters Exchange v. Arnold, Tex.Civ. App., 127 S.W.2d 972; R.S. 1925, Art. 8306, Sec. 12b; Texas Fire & Casualty Underwriters v. Blair, Tex.Civ.App., 130 S.W.2d 409; Travelers Ins. Co. v. Maldonado, Tex.Civ. App., 89 S.W.2d 300; Texas Employers' Ins. Ass'n v. Hilderbrandt, Tex.Civ.App., 62 S.W.2d 209; New Amsterdam Casualty Co. v. Rutherford, Tex.Civ.App., 26 S.W. 2d 377; Consolidated Underwriters v. Strahand, Tex.Civ.App., 82 S.W.2d 1058; United States Fidelity & Guaranty Co. v. Lindsey, Tex.Civ.App., 66 S.W.2d 419; Petroleum Casualty Co. v. Bristow, Tex. Civ.App., 21 S.W.2d 9; Travelers Ins. Co. v. Giacomino, Tex.Civ.App., 99 S.W.2d 632.

■ Special issue No. 7 was objected to as assuming that appellee was an employee of L. E. Whitham Construction Company. This vice in the issue may be corrected on another trial, by simply adding the phrase, "if you find that he was an employee of said company," or by reforming the entire issue to meet the objection.

The point that no proper basis for appellee's rate of compensation was shown has some justification; and we suggest that on another trial this matter be more fully developed. Since we are reversing the case, we pretermit a discussion of the evidence.

■ We do not sustain the contention of appellant that the uncontroverted evidence showed appellee to be an employee of itself and its partner, Austin Bridge Company, and therefore not covered by the policy covering only the employees of L. E. Whitham Construction Company. Appellee showed that the contract for the construction work was between L. E. Whitham Construction Company and the Highway Department. The company listed appellee with the Highway Department and its engineers as its employee, and carried his name on the payroll and paid his wages. This evidence amply supports the jury's finding that appellee was the employee of the construction company, notwithstanding the fact that there was some evidence of a secret agreement between the company and Austin Bridge Company about the work, and which was made to evade the Highway Department's regulation concerning such matters. Federal Underwriters Exchange v. Walker, Tex.Civ.App., 134 S. W.2d 388.

■ Nor do we sustain the point that X-ray pictures were improperly admitted in evidence. They were taken by the doctor who testified, developed by him, and

shown to have been pictures of appellee showing his injuries, and were used by the doctor in connection with his examination of the injuries of appellee and to which he testified.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.