## TEXAS EMPLOYERS' INS. ASS'N v. ROSE et al.

### No. 11554.

Court of Civil Appeals of Texas. Galveston.

July 8, 1943.

Rehearing Denied Sept. 30, 1943.

Sewell, Taylor, Morris & Connally, of Houston (Charles E. Crenshaw, of Houston, of counsel), for appellant.

George S. King, of Houston (C. E. Coolidge, of Houston, of counsel), for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, conceded to be substantially correct as such, is made by appellant:

"This is a workmen's compensation case. B. F. Rose is the injured employee. Texas Employers' Insurance Association is the carrier for James L. White individually, and Anchor Casualty Company is the insurer for W. E. White individually. Rose sued both carriers, alleging in the alternative that he was an employee of one or the other of the Whites, or both, and the insurers alleged that Rose was the employee of a partnership composed of the two Whites.

"A trial was had to a jury, but, at the close of all the evidence on behalf of all parties, the court determined that there was no issue of fact for the jury, and dismissed it. All parties moved for judgment, but the court rendered judgment for $964.98 in accrued and $2060.00 in unaccrued payments in favor of plaintiff against Texas Employers' Insurance Association, and denied recovery against Anchor Casualty Company. Texas Employers' Insurance Association alone has duly and properly perfected its appeal to this Honorable Court."

In so returning its judgment, the court made this specific finding of fact, towit: "* * * the court, after having heard argument by the attorneys for said respective parties, is of the opinion that the law and the facts are with the plaintiff, and that he should have and recover of and from the defendant, Texas Employers' Insurance Association, the compensation provided by the Workmen's Compensation Law of the State of Texas for the permanent loss of the use of a hand as a result of accidental injuries sustained by him in the course of his employment as an employee of James L. White, on the 24th day of March, A.D. 1942."

It should be further, at this stage, recited that the appellee had first and primarily pled that he was an employee of James L. White, Sr., and that if he be mistaken as to such averment, then (substantially as appellant's quoted statement recites), in the alternative, that he was an employee of W. E. White, and further that, if he be mistaken in both such primary and alternative pleas, then, in the further alternative, he was an em-

ployee of James L. White, Sr., and W. E. White.

In inveighing here against the determination so adverse to it below, the appellant relies solely upon one point, which may be substantially quoted as follows: "The court erred in refusing to grant appellant Insurance Association's motion to render judgment in its favor, because, under the undisputed evidence, B. F. Rose, at the time of his injury, was not an employee of James L. White, but, on the other hand, the undisputed evidence showed that he was an employee of a copartnership, or joint adventure, composed of James L. White and W. E. White, and, under the undisputed evidence, the appellant had not issued any policy covering or insuring such copartnership, or joint adventure."

It supports that proposition with these four authorities: Moffett v. Employers' Liability Assur. Corp., Tex.Civ.App., 286 S.W. 508; New Amsterdam Casualty Co v. Harrington, Tex.Com.App., 290 S.W. 726; Southern Underwriters v. Beardmore, Tex.Civ.App., 95 S.W.2d 207; Traders & General Ins. Co. v. Emmert, Tex.Civ. App., 76 S.W.2d 208.

On the appeal the opposing parties are agreed that there is a single controlling question presented for determination here, but they differ materially in the viewpoint from which they arrive at it; for instance, the appellant states it this way: "Should the court have rendered judgment in favor of appellant, Texas Employers, when the uncontradicted evidence shows that appellee Rose was an employee of a partnership composed of James L. White, Sr., and W. E. White, and that the only policy of insurance issued by it was to James L. White, Sr., individually"; whereas, the appellee sees it as follows: "The only point involved on this appeal is whether the plaintiff Rose was an employee of James L. White, Sr., to whom appellant had issued a compensation-insurance policy."

This court, after examination of the record and the briefs, agrees with the appellee in concluding that the trial court was correct, and rendered the proper judgment; indeed, after a review of the statement-of-facts, it seems plain that appellant errs in its construction of what is the undisputed character of the evidence as a whole, to this effect: In so appraising the purport and result of the whole body of the testimony, it fails to make any distinction be-

tween what was clearly shown to have been a partnership in the mutual idea existing in the minds of this father and son, James L. White, Sr., and W. E. White, of building, owning, and selling the apartments involved, and what was also at the time just as clearly defined—that is, a separate and distinct engagement between them that, in carrying out or doing the actual work of constructing such a joint-enterprise, they should operate or act singly, separately, and individually in employing the men and the means to put up the building, as well as in supervising their work.

In other words, while undoubtedly it was uncontradictedly shown that the father and son were to build, own, and sell the apartments jointly and thereafter divide the net profits from the disposition thereof, if any, in the same joint way, it was just as distinctly and uncontrovertedly shown that, by subsidiary agreement between them, not only was the father to take complete charge of the construction and use his own individual superintendent, crew, and employees in the completion of the work, but also that such plan for individual direction, control, and construction by him had been literally carried out, in so far as affected the appellee; that is, that he, the appellee, in doing the work he did on the building and in the course of which he sustained his injuries, had done so as the employee of James L. White, Sr., individually, and of him alone.

Likewise, without dispute, it further appears, from the testimony of Mr. White, Sr., himself, that he individually owned the power-saw that the appellee Rose was operating at the time of this accident; that he, Rose, had been hired for this work by James L. White, Sr.'s, superintendent, a Mr. Bass, who had for many years been in such capacity and still was at the time of this trial, his long retention as such superintendent having been for the prosecution of Mr. White, Sr.'s, individual enterprises.

Finally, it uncontrovertedly appeared that Mr. White, Sr., paid appellant the premiums for compensation-insurance on the employees, including appellee Rose, who were engaged in the work on these apartments where Rose was injured, inclusive of those for the month of March, 1942 (during which the appellee was injured), and the succeeding month of April, 1942.

It is deemed unnecessary to recite the evidence compelling the stated findings;

94

especially since the trial court, in entering the challenged judgment, and particularly in making the finding-of-fact quoted supra, impliedly found that the appellee had been an employee of James L. White, Sr.; at all events, as indicated, the evidence is amply sufficient to support the finding that the job of employing men to do and in having them do the actual work of constructing the building was that of James L. White, Sr., and that this appellee was one among the men so employed by him for that purpose. Wherefore, that finding will be deemed to have been made anyway, if necessary to support the judgment.

The facts thus appearing, it is thought, clearly made of the appellee an employee of James L. White, Sr., individually, within the meaning of that term as defined in Article 8309, Section 1, of our Workmen's Compensation Law, as well as within the holdings defining who is an employee and what constitutes that relationship, in circumstances not in legal effect different from those here obtaining, in these cases: R.S. Article 8309, section 1, Vernon's Ann.Civ.St. art. 8309, section 1; Southern Underwriters v. Willis, Tex.Civ.App., 110 S.W.2d 252; Southern Underwriters v. Waddell, Tex.Civ.App., 144 S.W.2d 637; Security Union Ins. Co. v. McLeod, Tex.Com.App., 36 S.W.2d 449; Maryland Casualty Co. v. Donnelly, Tex.Civ.App., 50 S.W.2d 388; Hartford Accident & Indemnity Co. v. Addison, 5 Cir., 93 F.2d 627.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.

MONTEITH, C. J., not sitting.