AMERICAN GENERAL INSURANCE COMPANY, Appellant,

v.

Mervin E. VICK, Appellee.

No. 10544.

Court of Civil Appeals of Texas.

Austin.

Feb. 19, 1958.

Rehearing Denied March 12, 1958.

Hart, Brown, Sparks & Erwin, Austin, for appellant.

Combs, Brock & Mitchell, J. Thomas Kirtley, Jr., Houston, for appellee.

GRAY, Justice.

This is a workman's compensation cause.

Appellee suffered injury on February 3, 1955, at which time he had worked nine days and was paid $116 for the period of one week. On cross examination he testified that in 1955 he earned a total of $1,-594.15 and in 1954 he earned a total of $1,459.45. There is no evidence that any employee was engaged in employment similar to that in which appellee was engaged at the time of his injury and no evidence of wages paid for similar employment.

At the trial the parties stipulated that the average weekly wage of appellee could not be determined under subsection 1 or subsection 2 of Art. 8309, Vernon's Ann.Civ. St., and that such wages might be established under subsection 3 of that Article. We quote subsection 3:

> "When by reason of the shortness of the time of the employment of the employee, or other employees engaged in the same class of work in the manner and for the length of time specified in the above Subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties."

Upon a jury verdict a judgment was rendered awarding appellee a recovery for temporary total incapacity for 12 weeks and for partial permanent incapacity for 300 weeks. The jury found that appellee's average weekly wage "on February 3, 1955" was $116.

Submitted issue 15 and the jury's answer thereto is:

> "What amount of money, if any, do you find from a preponderance of the evidence to be just and fair to both parties to this suit to be fixed as the average weekly wage of the plaintiff on

February 3, 1955? Answer by stating the amount, if any, in dollars and cents.

"Answer: $116.00."

Appellant timely objected to the submission of issue 15 because it inquired only as to the average weekly wage of appellee on February 3, 1955, and because an answer to the issue would not be a finding of his average weekly wages in accordance with the requirements of the Workman's Compensation Laws.

■ It is not disputed that issue 15 was appellee's issue and that, upon objection being made to the issue, the burden was on him to have a proper issue submitted and to secure a proper answer to the issue in order to sustain a recovery. Rule 279, Texas Rules of Civil Procedure. Appellant was only required to make a proper objection to the submission of the issue. Texas Employers' Ins. Ass'n v. Thames, Tex.Civ.App., 236 S.W.2d 203. Er. ref.

In passing on appellant's objection to issue 15 we are not directly concerned with what evidence was before the jury from which they could compute the average weekly wages of appellee in a manner that may seem just and fair to appellee and appellant, but rather with the question: Did the issue as submitted limit the jury's consideration of wages to a particular date?

In Texas Employers' Ins. Ass'n v. Van Pelt, Tex.Civ.App., 68 S.W.2d 514, 515, no writ history, the evidence showed that at the time Van Pelt was injured he had worked for his then employer 24 days at $6.05 per day. The jury was asked, instructed and found as follows:

" 'What do you find from the preponderance of the evidence were the average weekly wages being earned by the plaintiff at the time of the injury, if any, of May 8, 1931?

" 'In connection with this issue you are instructed that you will arrive at the average weekly wages of the plaintiff in such manner as may seem to you just and fair to both the plaintiff and the defendant.'

"Answer: '$36.30.' "

The court said:

"It is manifest that the finding of the jury that an average weekly wage of $36.30 was fair and just between the parties is based on the wages appellee had been receiving from his last employer for whom he had worked 24 days at the time of his injury. It is obvious that this is the only amount for the average weekly wage the jury could have found under the instruction of the court. The language 'in any manner which seems just and fair' fixes a general but not an arbitrary rule for computing 'average weekly wages.' Such wage should be ascertained from all the facts and circumstances pertinent to such issue in order to impartially determine the compensation in a manner legally fair and just. The court committed error in limiting the jurors in their consideration of an average weekly wage fair and just to the parties, to any particular fact or circumstance."

In Texas Employers' Ins. Ass'n v. Hamilton, Tex.Civ.App., 95 S.W.2d 767, 770, er. dis., the court considered the sufficiency of the evidence to support a finding of average weekly wages under subdivision 3, supra. The Van Pelt case, supra, was cited and its holding interpreted as having reversed the judgment of the trial court.

" * * * because, in the manner the issue of average weekly wages was submitted to the jury under subdivision 3, the jury was restricted in its consideration to the wages the injured employee had received at and just prior to the injury, instead of permitting the jury to consider all pertinent testimony that might enable them to find what was just and fair to the parties, * * *"

In American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26,

28, the evidence showed that the deceased had worked 18 or 20 days at the employment at which he was working when injured and that his salary was $35 per week, but there was no evidence that prior thereto he had earned a daily or weekly wage, and none to show what others in the same or a neighboring place were earning at the same or similar employment. An issue was submitted to the jury under subdivision 3 and the jury answered that $35 was the average weekly wages of Singleton. Commenting on the evidence the court said:

> "Nothing further is shown that would throw any light whatever as to any employment or earnings of deceased prior to the injury, except that prior to the instant employment he worked on the farm for his mother, and was a strong robust man at that time. There is no showing whatever what the value of his services to his mother were, or what she would have to pay to get others to do the work he did, * * *."

The court held there was "no" evidence to sustain the answer of the jury as to the weekly wage of Singleton and reversed and remanded the cause.

■ The Singleton case was decided on the question of the sufficiency of the evidence to support the finding of average weekly wages and not on the question of the submission of any issue. However it supports the holding of the Van Pelt case that the issue which limits the jury's consideration of an average weekly wage, fair and just to both parties, to a particular fact, circumstance or date is error and, upon a proper objection, requires a reversal of the judgment. In the case before us issue 15 limited the jury's consideration to the wages earned on February 3, 1955, and if only evidence of wages being earned on that date would not support a judgment then limiting the jury's consideration to such evidence was error. This is true for the reason that:

> "One of the underlying purposes of our compensation statutes is to compensate an injured employee, not merely for loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed on a full-time basis." Texas Employers Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399, 401.

Appellee cites Southern Underwriters v. Wheeler, Tex.Civ.App., 108 S.W.2d 846, 851. There the employee was injured while drilling a water well and at the time had worked 14 days. There was other evidence as to the average daily wages of drillers such as appellee in that vicinity. A special issue inquiring what was the average weekly wage of appellee "at the time of his injury" was submitted. This issue was accompanied by an instruction similar to that given in the Van Pelt case, supra. An objection was made that the inquiry was restricted to the time of the injury. The court said:

> "We do not see how the jury could have been misled in this respect, since all the facts concerning plaintiff's previous wages were before them; the testimony shows plaintiff drew $8 per day at all times when he worked for more than a year before the injury."

The judgment of the trial court was affirmed. The case reached the Supreme Court, the judgment of the Court of Civil Appeals was reversed and the cause was remanded. Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340, 341. The Supreme Court did not comment on the issue complained of in the Court of Civil Appeals except to say that the provisions of subsection 3 were applicable under the evidence. The judgment was reversed because of the conditional submission of issues relating to partial disability. Undoubtedly the complained of issue was not considered because the Supreme Court said: "The remaining assignments urged in the application for the writ need be discussed

only briefly." The issue was not mentioned.

Appellee also cites as authority for upholding the submission of issue 15, supra, the opinion of this court in Texas Employers' Ins. Ass'n v. Rodriquez, 263 S.W.2d 174, 181. Er. ref., n. r. e. There we affirmed the judgment of the trial court wherein the following issue was submitted:

"What do you find from a preponderance of the evidence to have been the average weekly wage of Matias Rodriquez on February 22, 1951, computed in a manner which shall seem just and fair to the defendant and Matias Rodriquez herein?"

In affirming the judgment this court, Chief Justice Archer writing said:

"We believe the charge of the court was a sufficient presentation of the controlling fact issues and the answers of the jury are reasonably supported by the testimony."

The five points upon which the appeal was based are set out in the opinion. The quoted issue was not challenged and the opinion cannot be considered as any authority for holding that over a proper objection it was proper to submit issue 15, supra. Since the issue was not challenged in this court the action of the Supreme Court in refusing a writ of error, n. r. e., cannot be interpreted as a holding that the issue was proper. However we have examined the application for writ of error and find neither a point nor an argument complaining of the submission of the issue.

It is our opinion that the submission of issue 15, supra, over appellant's objection was error and requires a reversal of the trial court's judgment.

Upon another trial other points presented by appellant probably will not arise or, in any event, will not arise in the same conditions as they are here presented for which reasons we think their discussion is not necessary.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.